UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, and OTTER PRODUCTS, LLC, a Colorado limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NGULLEN ALEJANDRO RIVERA, an individual, NGS ICOMMERCE ENTERPRISES CORP., a Florida Corporation, and JOHN DOES 1–10,<br><br>Defendants. | No. 2:18-cv-00350<br><br>COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF |

## I.   INTRODUCTION

1. Since opening its virtual doors on the World Wide Web in July 1995, Amazon.com, Inc. ("Amazon") has become one of the most trusted consumer brands in the world. Each day, millions of consumers use Amazon's website to purchase a wide range of products across dozens of product categories from Amazon and third-party sellers. The Amazon brand allows customers to shop online with confidence from Amazon's numerous websites around the world. As described in more detail below, in order to protect consumers and preserve the integrity of the Amazon marketplace, Amazon has robust policies and highly-developed fraud detection systems to prevent any third-party seller from selling counterfeit

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 1

products on the Amazon website.  When Amazon discovers that a third-party seller is violating Amazon's anti-counterfeiting policies, it takes immediate action to remove the seller from the website, and in appropriate cases, to permanently enjoin the seller from future sales through court orders.  Based on Defendants' repeated and persistent violations of law, this is one such case.

2. Defendants operated at least one seller account on Amazon's online marketplace through which they unlawfully advertised and sold counterfeit products bearing the registered trademarks of Otter Products, LLC ("Otter Products"), which designs, manufactures, sells and distributes premium protective products for smartphones and tablets under its industry leading brand OtterBox.  As a result of their illegal actions, Defendants willfully deceived Amazon and its customers, infringed and misused Otter Products' intellectual property, harmed the integrity of Amazon's marketplace, tarnished Amazon's and Otter Products' brands, and damaged Amazon and Otter Products' customers.  Amazon and Otter Products have filed this lawsuit to prevent further and continued harm to Amazon and Otter Products' customers, as well as to Otter Products and Amazon themselves.

3. Defendants' illegal actions as described below breached numerous provisions of Amazon's Business Solutions Agreement ("BSA"), which entitles Amazon to injunctive relief to stop Defendants from infringing and misusing Otter Products' intellectual property and to prevent them from selling products through Amazon.  Defendants' actions also infringed Otter Products' trademarks, entitling Otter Products to recover its actual and statutory damages, the disgorgement of Defendants' profits, and its attorneys' fees and costs.  Further, Defendants' actions constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125, for which Otter Products seek various forms of damages and equitable relief.

## II.   PARTIES

4. Amazon is a Delaware corporation with its principal place of business in Seattle, Washington.  Through its subsidiaries, Amazon owns and operates the Amazon.com website and equivalent international websites.  Amazon has more than 250 million active customers.

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 2

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

5. Otter Products is a Colorado limited liability company with its principal place of business in Fort Collins, Colorado. Otter Products is a global leader in premium protective products for smartphones and tablets. Otter Products also holds a number of duly registered trademarks that it has developed and marketed in the United States.

6. On information and belief, Defendant Ngullen Alejandro Rivera is an individual who resides in Florida. Rivera either personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

7. On information and belief, Defendant NGS ICommerce Enterprises Corp. is a Florida corporation with its principal place of business in Miami, Florida. Defendant Rivera is the owner and president of NGS ICommerce Enterprises, which Defendants used to further their unlawful scheme to sell counterfeit Otter Products' cases as alleged in this Complaint.

8. On information and belief, Defendants John Does 1–10 (the "Doe Defendants") are individuals and entities working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell counterfeit Otter Products cases.

### III.    JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over Otter Products' claims for trademark infringement (15 U.S.C. § 1114) and for unfair competition under the Lanham Act (15 U.S.C. § 1125(a)) pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and Amazon's breach of contract claim pursuant to 28 U.S.C. § 1332 and § 1367.

10. The Court has personal jurisdiction over all Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Otter Products' claims arise from those activities. Defendants reached out to do business with Washington residents by operating one or more commercial, interactive internet storefronts through which Washington residents can purchase products bearing counterfeit versions of the trademarks and other intellectual property owned by Otter Products. Defendants targeted sales to Washington residents by operating these internet storefronts that

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(i) offer shipping to Washington; and (ii) sold at least one product to a person located in Washington, which on information and belief, was a counterfeit. Each of the Defendants is committing tortious acts in Washington and has wrongfully caused Amazon and Otter Products substantial injury in Washington.

11. Further, Defendants entered into Business Solutions Agreement ("BSA") with Amazon for each of their seller accounts stipulating that the "Governing Court" for claims to enjoin infringement of intellectual property is state or federal court in King County, Washington.

12. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington, and the BSA explicitly rests venue in this District.

13. Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) the injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.   FACTS

### A.   Amazon's Significant Efforts to Prevent the Sale of Counterfeit Goods

14. Since opening its virtual doors on the World Wide Web in July 1995, Amazon.com has become one of the most trusted consumer brands in the world. Each day, millions of consumers use Amazon's website to purchase a wide range of products across dozens of product categories from Amazon and third-party sellers. The Amazon brand allows customers to shop online with confidence from Amazon's numerous websites around the world.

15. Amazon depends on its reputation as an online marketplace where customers can conveniently select from a wide array of legitimate goods and services at competitive prices. Amazon's customers trust that when they make a purchase through Amazon's website—either directly from Amazon or from one of its millions of third-party sellers—they will receive authentic products made by the true manufacturer of those products.

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

16. A small number of bad actors seek to abuse that trust by creating Amazon Seller Accounts and using Amazon's marketplace to market, sell, and distribute counterfeit goods. These sellers misuse and infringe the trademarks and other intellectual property of the actual manufacturer or rights owner of those goods to deceive consumers and Amazon. When customers purchase counterfeit goods, it undermines the trust that customers, sellers, and manufacturers place in Amazon, thereby tarnishing Amazon's brand and causing irreparable reputational harm.

17. Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the ways it detects and prevents counterfeit products from reaching its marketplace. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to operate and continually refine its anti-counterfeiting program. Among other things, when sellers register to sell products through Amazon's Marketplace, Amazon's automated systems scan information about the sellers for indicia that the sellers might be bad actors, and Amazon blocks those sellers during registration before they can offer any products for sale.

18. Amazon's systems automatically and continuously scan thousands of variables related to sellers, products, and offers to detect activity that indicates products offered by a seller might be counterfeit. Amazon uses innovative machine learning to improve its automated systems in order to anticipate and outwit bad actors. Numerous Amazon investigators around the world respond quickly to review any listing identified as a potential counterfeit product. These investigators also review notices of claimed infringement from rights owners, who are most familiar with their products. When Amazon determines a product offered for sale is a counterfeit, it removes the product immediately. Amazon regularly suspends or blocks sellers suspected of engaging in illegal behavior or infringing others' intellectual property rights.

19. Amazon works closely with brands and rights owners to strengthen protections

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 5

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

for their brands on Amazon.com. Amazon continues to invest in improvements to its online infringement form with the goal of reducing invalid complaints by providing a self-guided, educational, and streamlined reporting experience for rights owners. In 2017, Amazon launched the new Amazon Brand Registry that helps IP rights owners protect registered trademarks on Amazon. The Amazon Brand Registry provides access to tools including proprietary text and image search, predictive automation based on reports of suspected IP rights violations, and increased authority over product listings. In addition, Amazon partners with rights owners and law enforcement to identify and prosecute sellers suspected of engaging in illegal activity. Lawsuits like this one, targeted directly at identified bad actors, further complement Amazon's efforts to prevent the sale and distribution of counterfeit goods.

### B.   Otter Products and Its Anti-Counterfeiting Efforts

20.     Otter Products was founded in 1998 in Fort Collins, Colorado by Curt Richardson, a serial entrepreneur who began operating his first successful business at age 21. Otter Products started with a single dry box case that was water resistant, crush resistant and floated. Since its founding, Otter Products has grown rapidly and now runs multiple brands, including OtterBox, LifeProof and OtterCares, from offices around the world. Otter Products employs nearly 1,000 people, and has well over $500 million in annual revenue.

21.     Otter Products' OtterBox brand has long been among the most popular phone and computer accessory brands in the world and has been extensively promoted and advertised at great expense. Under this brand, Otter Products develops, markets, and sells premium protective products for smartphones and tablets. These include water resistant, shock resistant, and drop resistant cases. OtterBox is the #1 selling mobile case in the United States, and its cases have received numerous awards and unsolicited media coverage.

22.     Several things distinguish OtterBox brand mobile device cases from the competition. First, OtterBox brand mobile device cases are precision engineered and of the highest quality, which is something its customers expect and demand. Second, OtterBox mobile device cases also include a limited lifetime warranty that covers defects in

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 6

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

manufacturing, material, and workmanship.  Third, the sale of OtterBox products helps fund the OtterCares Foundation, which is focused on empowering children to become entrepreneurs and turn their ideas into new products, processes and businesses that will change the world. This charitable pursuit to improve the community is a key tenet of Otter Products.

23. OtterBox cases are readily identifiable to consumers around the world because of the company's substantial and years-long investment of time, money, and other resources in the OtterBox brand, including exclusive ownership of over eighty (80) federally-registered and registration-pending trademarks.  This intellectual property is a core component of Otter Products' brand.  These trademarks include without limitation the following marks (collectively "OTTERBOX Trademarks"):

| **Registration No.** | **Mark** | **Date of Registration** | **International Classes** |
|---|---|---|---|
| 3,791,318 | *[otter illustration]* | May 18, 2010 | For:  Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers in class 009. |
| 3,788,534 | OTTERBOX | May 11, 2010 | For:  Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers in class 009. |
| 4,293,603 | *[Otterbox logo on yellow background]* | February 19, 2013 | For:  Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers in class 009. |
| 3,963,182 | COMMUTER SERIES | May 17, 2011 | For:  Protective cases for handheld electronic devices, |

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

| | | | |
|---|---|---|---|
| | | | namely, multifunctional mobile phones, portable music players, portable video players and computers in class 009. |
| 3,791,317 | COMMUTER | May 18, 2010 | For: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers in class 009. |
| 4,990,232 | OTTERBOX CERTIFIED DROP+ PROTECTION | June 28, 2016 | For: Protective cases, covers and housings for personal electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players; protective cases and covers with integrated batteries for use with mobile electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players; display screen protectors for providing protection, shade, and privacy specially adapted to personal electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players; protective display screen covers for personal electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players; headphones and headphone adaptors; accessories specially adapted for holding personal electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players, namely, belt clips, armbands; accessories specially adapted for personal |

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 8

| | | | |
|---|---|---|---|
| | | | electronic devices, namely, mobile phones, smartphones, tablets, e-book readers, and portable media players, namely, mounting devices, desk stands, tablet mounts, docking stations, table mounts, bar mounts and mount adapters in class 009. |
| 5,044,003 | ON-THE-GO PROTECTION | September 20, 2016 | For: Protective cases and covers for mobile electronic devices, namely, smartphones, tablets, computers, e-book readers, portable media players; protective cases and covers with integrated batteries for use with mobile electronic devices, namely, smartphones, tablets, computers, e-book readers, portable media players; bags, folios and carrying cases specially adapted for mobile electronic devices, namely, smartphones, tablets, computers, e-book readers, portable media players; carrying cases, protective cases and stands featuring power supply connectors, adaptors, speakers and battery charging devices, specially adapted for use with mobile electronic devices, namely, smartphones, tablets, computers, e-book readers, portable media players; accessories specially adapted for smartphones, tablets, computers, e-book readers and portable media players, namely, mounting devices, tablet mounts and docking stations in class 009. |

24. The OTTERBOX Trademarks have been used exclusively and continuously by Otter Products, some since at least as early as 2007, and have never been abandoned. The

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 9

above U.S. registrations for the OTTERBOX Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of the United States Registration Certificates for the above-listed OTTERBOX Trademarks are attached hereto as Exhibits 1–7. The registrations for the OTTERBOX Trademarks constitute prima facie evidence of their validity and of Otter Products' exclusive right to use the OTTERBOX Trademarks pursuant to 15 U.S.C. § 1057(b).

25. The OTTERBOX Trademarks are distinctive when applied to the products sold by Otter Products, signifying to the purchaser that the products come from Otter Products and are manufactured to Otter Products' quality standards. Whether Otter Products manufactures the products itself or licenses others to do so, Otter Products has ensured that products bearing its trademarks are manufactured to the highest quality standards. The OTTERBOX Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the OTTERBOX Trademarks is of incalculable and inestimable value to Otter Products.

26. Otter Products goes to great lengths to protect consumers from counterfeits of its products, and is committed to leading efforts to combat the presence of counterfeit products in the marketplace. One way Otter Products achieves this is by working cooperatively with retailers and other entities around the world to combat the sale of counterfeits. Partnering with Amazon in their shared goal to eradicate counterfeiting is a critical part of Otter Products' strategy.

**C.     Defendants Created Amazon Seller Accounts and Agreed Not to Sell Counterfeit Goods**

27. Defendants established and operated at least one Amazon seller account—called Cases & More LLC—through which they sought to advertise, market, sell, and distribute counterfeit Otter Products mobile cases. The name on the account is Defendant Rivera. The seller account is linked to a bank account held in the name of Defendant NGS ICommerce Enterprises, which Defendant Rivera owns and controls. The mailing address for that bank

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

account is also the mailing address for NGS ICommerce Enterprises. That mailing address identifies a residence in Miami that is owned by Defendant Rivera. The seller account also uses an email address linked to NGS ICommerce Enterprises.

28. To become a third-party seller on Amazon's website, sellers must agree to the BSA, which governs the applicant's access to and use of Amazon's services and sets forth Amazon's rules and restrictions for selling through the website. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable laws in [the] performance of [its] obligations and exercise of [its] rights" under the BSA.

29. The BSA incorporates (and sellers therefore agree to be bound by) Amazon's Anti-Counterfeiting Policy, which explicitly prohibits the sale of counterfeit goods on the Amazon marketplace:

> Customers trust that they can always buy with confidence on Amazon.com. Products offered for sale on Amazon.com must be authentic. **The sale of counterfeit products, including any products that have been illegally replicated, reproduced, or manufactured, is strictly prohibited**.

(emphasis added).

30. Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon marketplace, and the consequences Amazon imposes when it becomes aware of counterfeiting:

> We take product authenticity very seriously. It is each seller's responsibility to source and sell only authentic products. If you sell counterfeit goods, we may immediately suspend or terminate your selling privileges and destroy inventory in our fulfillment centers without reimbursement. In addition, if we determine that a Seller Account has been used to engage in fraud or other illegal activity, remittances and payments may be withheld or forfeited. The sale of counterfeit goods can also lead to legal action by rights holders and civil and criminal penalties.
>
> We are constantly innovating on behalf of our customers and working with manufacturers, content owners, vendors, and sellers to improve the ways we detect and prevent counterfeit products from reaching our marketplace. We work hard on this issue every day because we know that our customers trust that they are buying authentic products when they shop on Amazon.com. This is why we stand behind the products sold on our site with our A-

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 11

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

to-z Guarantee. We also encourage anyone who has a product authenticity concern to notify us, and we will investigate it thoroughly and take any appropriate actions.

31. By virtue of becoming a third-party seller on Amazon's website, and establishing seller accounts, Defendants explicitly agreed to, and are bound by, the BSA (among other agreements). Defendants, therefore, agreed not to advertise, market, sell or distribute counterfeit products.

### D. Defendants' Sale of Counterfeit Otter Products' Cases

32. Defendants advertised, marketed, sold, and distributed counterfeit products that Defendants claimed were genuine Otter Products cases. This conduct violated the BSA. Otter Products has not licensed or authorized Defendants to manufacture products bearing the Otter Products brand, or to use or exploit the intellectual property rights of Otter Products in manufacturing, marketing, selling, or distributing products bearing the Otter Products brand.

33. On July 26, 2017, a test purchase was made from Defendants' Cases & More LLC account for what Defendants advertised was an "OtterBox COMMUTER SERIES iPhone 6/6s Case - Retail Packaging – BLACK." Defendants used Otter Products' brand to advertise the product, and the actual product bore the OTTERBOX Trademarks and other indications of Otter Products' brand. Otter Products reviewed the product Defendants shipped and determined that case sold by Defendants was counterfeit.

34. In selling counterfeit Otter Products cases, Defendants falsely represented to Amazon and its customers that the products Defendants sold were genuine cases made by Otter Products, and unlawfully used Otter Products' brand. Defendants also knowingly and willfully used OTTERBOX Trademarks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit Otter Products cases into the United States and Washington over the Internet.

35. At all times, Defendants knew that the BSA prohibited the use of Amazon's marketplace to distribute counterfeit goods or to violate any applicable laws. Defendants knowingly and intentionally breached the BSA by marketing, selling, and distributing

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 12

counterfeit goods on Amazon's marketplace.

36. Defendants have deceived Amazon's customers and Amazon, infringed and misused the OTTERBOX Trademarks, and harmed the integrity of Amazon's marketplace and tarnished Amazon's and Otter Products' brands.

### E. Amazon and Otter Products Shut Down Defendants' Accounts

37. Amazon, working in conjunction with Otter Products, discovered Defendants' unlawful sale of counterfeit Otter Products cases and promptly blocked Defendants' seller account. Amazon also worked to uncover other seller accounts Defendants operated, and shut down those accounts as well. In doing so, Amazon exercised its rights under the BSA to block Defendants' various accounts and remove all known listings of Defendants from the Amazon.com website. Amazon took this action to protect the integrity of its marketplace, its customers and Otter Products.

38. In Amazon's experience, however, it is not uncommon for sellers of counterfeit products blocked by Amazon to attempt to create new seller identities to obtain access to the Amazon marketplace. Therefore, unless Defendants and all of their affiliated and/or successor entities are immediately and permanently enjoined from using Amazon's website to sell goods, the harm caused by Defendants to Amazon, legitimate third-party manufacturers/sellers like Otter Products, and consumers is likely to continue.

### V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION (BY OTTER PRODUCTS AGAINST ALL DEFENDANTS)

### Trademark Infringement – 15 U.S.C. § 1114

39. Plaintiffs incorporate by reference the allegations of paragraphs 1–38 as though set forth herein.

40. Defendants' activities constitute infringement of the OTTERBOX Trademarks.

41. Otter Products advertises, markets, and distributes its products using the OTTERBOX Trademarks, and uses these trademarks to distinguish its products from the

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 13

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

products and related items of others in the same or related fields.

42. Because of Otter Products' long, continuous, and exclusive use of the OTTERBOX Trademarks, they have come to mean, and are understood by customers, end users, and the public to signify, products from Otter Products.

43. The counterfeit and/or infringing materials that Defendants have and continue to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

44. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the counterfeit and/or infringing materials that Defendants are advertising, marketing, offering, and/or distributing originate with or are authorized by Otter Products, thereby harming Otter Products, its licensees, and the public.

45. At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, their authority to use the OTTERBOX Trademarks and the confusion that the use of those trademarks would have on consumers as to the source, sponsorship, affiliation or approval by Otter Products of the products using those trademarks.

46. Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

47. As a result of Defendants' wrongful conduct, Otter Products is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117(a) and (b).  The amount of money due from Defendants to Otter Products is unknown to Otter Products and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of counterfeit and/or infringing material advertised, marketed, offered or distributed by Defendants.  Alternatively, Otter Products is entitled to statutory damages under 15 U.S.C. § 1117(c).

48. Otter Products is further entitled to injunctive relief, including an order impounding all infringing materials.  Otter Products has no adequate remedy at law for

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 14

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Defendants' wrongful conduct because, among other things: (a) the OTTERBOX Trademarks are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to Otter Products' reputation and goodwill such that Otter Products could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to Otter Products, is continuing.

## SECOND CAUSE OF ACTION (BY OTTER PRODUCTS AGAINST ALL DEFENDANTS)

**False Designation of Origin, False Description and Representation of Otter Products Packaging and Programs – 15 U.S.C. § 1125 *et seq.***

49.  Plaintiffs incorporate by reference the allegations in paragraphs 1–38 as though set forth herein.

50.  Otter Products advertises, markets, and distributes its products using the OTTERBOX Trademarks, and uses these trademarks to distinguish its products from the products and related items of others in the same or related fields.

51.  Because of Otter Products' long, continuous, and exclusive use of the OTTERBOX Trademarks, they have come to mean, and are understood by customers, end users, and the public to signify, products from Otter Products.

52.  Otter Products has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Otter Products designs") for its products.

53.  Defendants' wrongful conduct includes the use of Otter Products' trademarks, name, and/or imitation designs (specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from the Otter Products designs) in connection with Defendants' commercial advertising or promotion, including without limitation, in connection with the offering for sale and sale of counterfeit Otter Products cases in interstate commerce.

54.  Defendants have used, and continue to use, Otter Products' trademarks, name,

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 15

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

and/or imitation designs to compete unfairly with Otter Products and to deceive customers. Upon information and belief, Defendants' wrongful conduct misleads and confuses their customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered or distributed in connection with Otter Products' trademarks, name, and imitation visual designs, and wrongfully trades upon Otter Products' goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Otter Products, all in violation of 15 U.S.C. § 1125(a).

55. Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

57. Otter Products is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active convert or participation with them, as set forth in the Prayer for Relief below. Defendants' acts have caused irreparable injury to Otter Products. The injury to Otter Products is and continues to be ongoing and irreparable. An award of monetary damages cannot fully compensate Otter Products for its injuries, and Otter Products lacks an adequate remedy at law.

58. Otter Products is further entitled to recover Defendants' profits, Otter Products' damages for its losses, and Otter Products' costs to investigate and remediate Defendants' conduct and bring this action, including its attorneys' fees and costs, in an amount to be determined. The amount of money due from Defendants to Otter Products is unknown to Otter Products and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, offered or distributed by Defendants. Otter Products is also entitled to the trebling of any damages award as allowed by

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 16

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

law.

## THIRD CAUSE OF ACTION (BY AMAZON AGAINST ALL DEFENDANTS)

### Breach of Contract

59. Plaintiffs incorporate by reference the allegations paragraphs 1–38 as though set forth herein.

60. Defendants established Amazon Seller Accounts and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the Conditions of Use of the Amazon website.

61. Defendants' advertising, sale, and distribution of counterfeit Otter Products cases materially breached the BSA and the Conditions of Use of the Amazon website in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the intellectual property rights of Otter Products.

62. Defendants are subject to liability for the wrongful conduct alleged herein (i.e., the misuse of Otter Products' intellectual property) both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

63. Defendants' acts have caused irreparable injury to Amazon, and that injury is ongoing. An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

64. Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active convert or participation with them, as set forth in the Prayer for Relief below in order to stop Defendants misuse of intellectual property.

## VI. PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully prays for the following relief:

A. That the Court issue an order permanently enjoining Defendants, their officers,

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 17

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

agents, representatives, servants, employees, successors and assigns, and all others in active concert or participation with them, from:

    (i)     selling products on any of Amazon's websites;

    (ii)    opening any Amazon Seller Accounts;

    (iii)   selling any Otter Products products;

    (iv)   infringing the OTTERBOX Trademarks; or

    (v)    assisting, adding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iv) above;

B.    That the Court enter judgment in Amazon's and Otter Products' favor on all claims brought by them;

C.    That the Court enter an order pursuant to 15 U.S.C. § 1116 impounding all counterfeit and infringing Otter Products products bearing any of Otter Products' trademarks, and any related item, including business records, that are in Defendants' possession or under their control;

D.    That the Court enter an order requiring Defendants to provide Otter Products a full and complete accounting of all amounts due and owing to Otter Products as a result of Defendants' unlawful activities;

E.    That Defendants be required to pay all general, special, actual, and statutory damages which Otter Products has sustained, or will sustain, as a consequence of Defendants' unlawful acts, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117(b), or otherwise allowed by law;

F.    That Defendants be required to pay the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117 or otherwise by law; and

G.    That the Court grant Amazon and Otter Products such other, further, and additional relief as the Court deems just and equitable.

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 18

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 8th day of March, 2018.

        DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

By *s/ Bonnie E. MacNaughton*
Bonnie E. MacNaughton, WSBA #36110

*s/ James H. Wendell*
James H. Wendell, WSBA #46489

*s/ James Harlan Corning*
James Harlan Corning, WSBA #45177
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: (206) 622-3150
Fax: (206) 757-7700
Email:  bonniemacnaughton@dwt.com
          jamiewendell@dwt.com
          jamescorning@dwt.com

COMPLAINT FOR INJUNCTIVE AND RELATED RELIEF - 19

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax