# EXHIBIT A

Eric R. Draluck
Eric R. Draluck, Attorney at Law
P.O. Box 11647
Bainbridge Island, WA 98110
Phone: (206) 605-1424
Email: EDraluck@gmail.com

Eric J. Menhart (*Admitted Pro Hac Vice*)
Lexero Law
316 F Street NE, Suite 101
Washington, DC 20002
Office: (855) 453-9376
Fax: (855) 453-9376
Eric.Menhart@Lexero.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMAZON.COM, INC., *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>NGULLEN ALEJANDRO RIVERA, *et al.*,<br><br>               Defendants. | Case No. 4:17-cv-05058-TOR<br><br>**INITIAL DISCLOSURES OF NGULLEN ALEJANDRO RIVERA & NGS ICOMMERCE ENTERPRISES** |

COMES NOW, Defendants NGULLEN ALEJANDRO RIVERA ("*Mr. Rivera*") and NGS ICOMMERCE ENTERPRISES ("*NGSI*"), and hereby provide their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a). Defendants' disclosures are based upon good faith efforts to identify and disclose the requisite information pursuant to the federal and local rules, as well as any standing Order, at this time in the above-captioned litigation. Defendants reserve all rights to update and supplement these disclosures as new information is brought to light, or to withhold particular information, where withholding is permitted under the applicable rules, as this proceeding moves forward.

**A. Identification of Individuals Likely to be in Possession of Discoverable Information Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i)**

Individuals likely to have discoverable information relevant to this matter include the following, and contact information as well as the subject of the information the individual is likely to possess is indicated where it is known to Defendants:

- Ngullen Alejandro Rivera, c/o Lexero Law. Mr. Rivera has knowledge of NGSI and its business practices.

- Designated Representative of NGS ICommerce Representatives, c/o Lexero Law. A designated representative is likely to have knowledge of NGSI and its business practices.

- All Individuals Set Forth in Plaintiff's Initial Disclosures

**B. Disclosure of Contents and Location of Documents Supporting Defendants' Claims or Affirmative Defenses Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii)**

Documents in Defendants' possession, custody, or control and existing at Defendants' place of business that may be used to support Defendants' claims or affirmative defenses include:

- Documents containing general information about the business operations of Defendants' business.

1    • Documents related to Defendants' sale of goods.

2    • Various contracts and communications with third parties related to the sale of goods.

3    • E-mail, facsimile, and/or other communications related to the sale of goods.

4    • All documents filed with the Court in the above-captioned case.

5    • Relevant expert reports.

6    • All documents produced by the parties or third parties in the instant case.

7    • All deposition transcripts and exhibits in the instant case.

8

9    **C.  Disclosure of Computation of Monetary Damages Pursuant to Fed. R. Civ. P.**

10   **26(a)(1)(A)(iii)**

11   Defendants do not, at this time in the litigation, claim or seek monetary damages. However,

12   Defendants reserve the right to seek costs and attorney's fees incurred in the defense of this action,

13   via any legal manner. Defendants may plead counterclaims, and expressly reserve the right to later

14   seek monetary damages, attorney's fees, or the cost of reasonable litigation expenses.

15

16   **D.  Identification of Insurers Potentially Required to Defend and Indemnify Pursuant to**

17   **Fed. R. Civ. P. 26(a)(1)(A)(iv)**

18   Defendants do not have an insurance policy under which they might potentially be covered

19   in this action.

20

21   Respectfully submitted,

22   /s/ Eric J. Menhart*                        /s/ Eric R. Draluck
     Eric J. Menhart, Esq.                       Eric R. Draluck, Esq.
23   *Admitted Pro Hac Vice*                      *Attorney to be Noticed*

24

1

## <u>CERTIFICATE OF SERVICE</u>

2
      I hereby certify that a copy of the foregoing was served via email on May 1, 2018.

3
<u>/s/ Eric J. Menhart</u>
Eric J. Menhart, Esq.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# EXHIBIT B

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   AMAZON.COM, INC., a Delaware corporation, and OTTER PRODUCTS, LLC, a Colorado limited liability company,

No. 2:18-cv-00350-RSM

11
12                              Plaintiffs,

PLAINTIFF AMAZON.COM, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT NGULLEN ALEJANDRO RIVERA

13            v.

14   NGULLEN ALEJANDRO RIVERA, an individual, NGS ICOMMERCE ENTERPRISES CORP., a Florida Corporation, and JOHN DOES 1–10,

15
16                              Defendants.

17

18          Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Plaintiff Amazon.com, Inc.

19   ("Amazon") hereby requests that Defendant Ngullen Alejandro Rivera ("Rivera") answer and

20   respond to the following First Set of Interrogatories and Requests for Production of Documents

21   ("First Discovery Requests") and produce for inspection and copying the following described

22   documents within thirty (30) days of the date of the service of these discovery requests upon

23   you.  All responses and productions shall be made at the offices of Davis Wright Tremaine

24   LLP, 1201 Third Avenue, Suite 2200, Seattle, WA 98101-3045 unless otherwise stipulated to

25   by Amazon's counsel of record.

26
27

**INSTRUCTIONS**

1.      In answering these interrogatories, furnish all information available to you regardless of whether they were obtained directly by you, your attorneys, through your agents, assigns, or representatives, or by anyone acting on your or their behalf.

2.      If you cannot answer or respond to these interrogatories in full, answer to the extent possible, specify the reasons for your inability to answer, and state whatever information, knowledge, or belief you have concerning the unanswered, including the general subject matter of the unproduced portion.

3.      For documents produced in response to these requests, you must: a) produce documents grouped separately for each production request; b) for each document produced, identify the production request(s) to which that document is responsive; or c) produce such documents as kept in the usual course of business, along with copies of the folders or other containers in which the documents are kept.

4.      Produce all non-identical copies of responsive documents, including drafts and copies upon which notes have been made.

5.      Please mark each page or sheet you produce with an identification of the defendant and consecutive document control (Bates) numbers.

6.      Documents originating in paper form shall be copied as they are kept in the normal course of business, and any titles, labels, or other descriptions on any box, folder, binder, file cabinet, or other container shall be copied as well.  Documents originating in paper format should be scanned as images at the time of copying, with optical character recognition ("OCR").  Scanned images shall be produced in the same load format as electronically stored information, as set forth below.

7.      Electronically stored information ("ESI") shall be converted to images and produced, together with requested metadata, in the form provided in *Exhibit A* to these discovery requests.  Spreadsheets (e.g. Excel documents) shall be produced in native file format.  ESI in other formats shall be identified prior to production to permit the parties to

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 2

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

confer regarding production format.

8.     If you object to answering any interrogatory or request for production, in whole or in part, state your objection and the basis for it.  If you are aware of any document or categories of documents otherwise responsive to a discovery request you are withholding on the basis of one or more of your objections, you must so indicate.

9.     Where a claim of privilege is asserted in objecting to an interrogatory or request for production, and a complete answer or response is not provided on the basis of such assertion, (1) identify the nature of each privilege (including work product) that is being claimed; and (2) provide the following information:

a.     For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; (iv) such other information as is sufficient to identify the document, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and (v) its present or last known location or custodian.  If any such document was but no longer is in your possession or subject to your control, state what disposition was made of it and the reason for such disposition.

b.     For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

10.     These requests are continuing in nature.  You are required to promptly supplement your disclosures and responses upon learning that your prior disclosure or response was incomplete or incorrect in any way.  If additional information is discovered between the time of making these answers or of providing these responses and the time of trial, these discovery requests are directed to that information.  If such information is not furnished,

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Amazon will move at the time of trial to exclude from evidence any information requested, not furnished, and which prejudice Amazon's case.

## DEFINITIONS

Any term not defined herein shall have the meanings given to them in common usage within the context in which they are used.

1.      "**You**," "**your**," or "**Defendant**" refers to Defendant Ngullen Alejandro Rivera in all capacities, as well as your businesses, attorneys, consultants, experts, investigators, agents, employees, independent contractors, accountants, other persons under your supervision, direction, or control, or persons acting on their behalf.  These terms shall not be narrowly construed as conjunctive or disjunctive in any particular context so as to exclude any information otherwise within the scope of a particular discovery request.

2.      "**Complaint**" means the Complaint for Injunctive and Related Relief filed in the above-captioned action on March 3, 2018. (Doc. #1).

3.       "**Amazon Seller Account**" means any account that is held at Amazon for the purpose of advertising, marketing, selling, and/or distributing products through Amazon's website.

4.      "**Cases & More**" means the Amazon Seller Account operating under the name "Cases & More LLC."

5.      "**ASIN**" means the Amazon Standard Identification Number used to uniquely identify a product in Amazon's catalog.

6.      "**OTTERBOX Trademarks**" means the federally registered trademarks identified in Paragraphs 23 and 24 of the Complaint.

7.      "**Otter Products**" means Otter Products, LLC or its affiliates.

8.      "**Otter Products Case**" means any mobile device case that is manufactured or sold by Otter Products, including without limitation mobile device case bearing one or more OTTERBOX Trademarks.

9.      "**Counterfeit Otter Products Case**" means any product that imitates or is

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

otherwise passed off as a genuine Otter Products Case as determined through the totality of circumstances, including without limitation products bearing or purporting to bear one or more OTTERBOX Trademarks that has not been manufactured by, or licensed for manufacture by, Otter Products.

10.     "**And**" and "**or**" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests all responses, disclosures, or information that is otherwise responsive to a particular discovery request.   These terms shall not be narrowly construed as conjunctive or disjunctive in any particular context so as to exclude any information otherwise within the scope of a particular discovery request.

11.     "**Communication**" and "**Correspondence**" may be used interchangeably and mean any transfer of information, ideas, opinion or thought by any means, at any time or place, under any circumstance, and is not limited to transfers between persons, but includes other transfers such as records and memoranda to file, including, data entered into a computer-stored or readable file.

12.     "**Document**" has the same meaning as in Fed. R. Civ. P. 34, including without limitation electronic or computerized data.  A draft or non-identical copy is a separate document within the meaning of this term.

13.     "**Financial Account**" means any account held by you at a bank, savings and loan association, payment processor, PayPal, Western Union, merchant account provider, payment provider, third-party payment processor, credit card company (e.g., MasterCard and Visa), or any other entity that provides investment advice, financial services, or escrow services.

14.     "**Identify**" means:

(i)     With respect to documents:  to provide separate identification of the date of each document, its title, its format, the authors and recipients, its location, and its general contents.  In lieu of identifying a document, you may attach a copy of such document(s) to your answers to these discovery requests.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

(ii)     With respect to communications:  to provide the date of each communication; a description of its contents; the means of communication; the person who initiated the communication and each other person who was a participant or recipient; any document reflecting or referring to the communication; and its precise words.  For communications in a document or other tangible form, you may attach a copy of such document to your answers to these discovery requests in lieu of identifying the communications.

(iii)     With respect to persons:  to provide the full name of the person along with his or her present or last known home address, home or mobile telephone number, email address, employer, work address, work telephone number, and the location or timing of regular travel to the United States.

(iv)     With respect to a financial account:  the institution at which the account is held, the account number, the date the account was opened, and the names of each person that owns or otherwise controls the account.

(v)     With respect to anything else:  to provide all characteristics that describe a particular thing, place, activity, event, or instance for which an identification is sought, including the date, persons involved, and substance thereof.

15.     "**Person**" shall include, in the plural as well as singular, any natural person, firm, association, partnership, joint venture, corporation, municipal or government entity or agency, political subdivision, group, trust, or other kind of business or public organization, unless the context otherwise indicates.

16.     "**Possession, custody, or control**" includes the joint or several possession, custody or control not only by the persons to whom these requests are addressed, but also the joint and several possession, custody or control by each or any other person acting or purporting to act on behalf of the person, whether an employee, attorney, consultant, expert, investigator, agent, employee, independent contractor, accountant, or otherwise.

17.     "**Relating to**" means regarding, constituting, defining, containing, embodying,

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 6

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

describing, discussing, reflecting, identifying, stating, concerning, referring to, dealing with, or in any way pertaining to.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify each person who provided information used in answering and responding to these Discovery Requests, and state the information provided by that person.

**ANSWER:**


**INTERROGATORY NO. 2:**  Identify each person with whom you have communicated about the acquisition, marketing, sale, manufacture, import or distribution of Otter Products Cases or Counterfeit Otter Products Cases.

**ANSWER:**


**INTERROGATORY NO. 3:**  Identify each email account you have used to communicate about the acquisition, marketing, sale, manufacture, import or distribution of Otter Products Cases or Counterfeit Otter Products Cases.

**ANSWER:**


**INTERROGATORY NO. 4:**  Identify each phone number (by carrier and number) you have used to communicate about the acquisition, marketing, sale, manufacture, import or distribution of Otter Products Cases or Counterfeit Otter Products Cases.

**ANSWER:**


**INTERROGATORY NO. 5:**  Identify each business entity owned or controlled by you, whether in whole or in part, directly or indirectly, and describe each entity's involvement, if any, in the advertising, marketing, sale, and/or distribution of products on Amazon's website during the last five years.

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

**ANSWER:**

2

3      **INTERROGATORY NO. 6:**  For each business entity identified in your Answer to

4   Interrogatory No. 5, identify all of that entity's owners (by overall share), managers and

5   employees during the last five years.

6      **ANSWER:**

7

8      **INTERROGATORY NO. 7:**  For each business entity identified in your Answer to

9   Interrogatory No. 5, identify each physical location (e.g., street address) owned, rented, leased

10  or otherwise occupied for the purpose of conducting that entity's business operations.

11     **ANSWER:**

12

13     **INTERROGATORY NO. 8:**  Identify each Amazon Seller Account (by account name

14  and seller ID) you have ever used, accessed, owned, or otherwise controlled.

15     **ANSWER:**

16

17     **INTERROGATORY NO. 9:**  Identify each person who created, used, or accessed the

18  Cases & More account, including the person's full name, employer, job title, and contact

19  information.

20     **ANSWER:**

21

22     **INTERROGATORY NO. 10:**  Identify each website you use or have ever used to

23  advertise, market, sell, and/or distribute Otter Products Cases or Counterfeit Otter Products

24  Cases.

25     **ANSWER:**

26

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

**INTERROGATORY NO. 11:**  Identify each acquisition by you of Otter Products

2   Cases or Counterfeit Otter Products Cases during the last five years, including without

3   limitation the full names, addresses, and contact information of the person(s) from whom they

4   were acquired; the date(s) they were acquired; the items acquired; the quantity acquired; the

5   price paid; and the serial numbers or other identifying information associated with the

6   acquisition.

7        **ANSWER:**

8

9        **INTERROGATORY NO. 12:**  Identify each sale by you of Otter Products Cases or

10  Counterfeit Otter Products Cases during the last five years, including without limitation the full

11  names, addresses, and contact information of the person(s) to whom they were sold; the date(s)

12  they were sold; the items sold; the quantity sold; the price at which they were sold; the ASIN

13  under which they were sold; the order numbers; and the serial numbers or other identifying

14  information associated with the sale.

15       **ANSWER:**

16

17       **INTERROGATORY NO. 13:**  Identify all Otter Products Cases or Counterfeit Otter

18  Products Cases which remain in your possession or control, including their current physical

19  location, items, quantity, and serial numbers or other identifying information.

20       **ANSWER:**

21

22       **INTERROGATORY NO. 14:**  Identify each complaint received by you about any

23  Otter Products Cases or Counterfeit Otter Products Cases you sold during the last five years,

24  including without limitation the full names, addresses, and contact information of the person(s)

25  making the complaint; the date(s) of the complaint; the substance of the complaint; your

26  response to the complaint (if any); and all information about the item(s) which are the subject

27

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  of the complaint, including the date the item was sold, quantity, price, ASIN, order numbers,

2  and serial numbers or other identifying information associated with the sale.

3      **ANSWER:**

4

5      **INTERROGATORY NO. 15:**  Identify each financial account (by institution, account

6  number and account owner) into which you have received, deposited, or transferred any funds

7  derived from the manufacture or sale of Otter Products Cases or Counterfeit Otter Products

8  Cases during the last five years.

9      **ANSWER:**

10

11      **INTERROGATORY NO. 16:**  Identify your total sales (by dollar) of Otter Products

12  Cases or Counterfeit Otter Products Cases during the last five years, and describe the basis for

13  and calculation method used to compute those sales totals.

14      **ANSWER:**

15

16      **INTERROGATORY NO. 17:**  Identify your profits earned from the sale of Otter

17  Products Cases or Counterfeit Otter Products Cases during the last five years, and describe the

18  basis for and calculation method used to compute those profits.

19      **ANSWER:**

20

21      **INTERROGATORY NO. 18:**  Identify and describe all civil or criminal actions,

22  lawsuits, arbitrations, mediations, or other adjudicatory proceedings or regulatory enforcement

23  actions or investigations, including any request from a State Attorney General's office, to

24  which you have been a party or provided testimony or evidence during the last ten (10) years

25  involving the advertising, marketing, sale, distribution, import, and/or manufacture of an

26  allegedly counterfeit, unlicensed or non-genuine product.  Include in your description (i) the

27  parties to the lawsuit, (ii) the court, (iii) the caption and case number, (iv) the nature of the

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

claims asserted, and (v) the resolution of the case (i.e., still pending, verdict, judgment granted,

etc. or its current procedural stage).

**ANSWER:**


**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**  Produce all documents reviewed, referred

to, or relied upon in preparing your responses to any of these Discovery Requests.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**  Produce all communications with each

person identified in your Answer to Interrogatory No. 2 relating to Otter Products Cases or

Counterfeit Otter Products Cases.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**  Produce all communications relating to

Otter Products Cases or Counterfeit Otter Products Cases from the email account(s) identified

in your Answer to Interrogatory No. 3.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**  Produce all text or voice messages relating

to Otter Products Cases or Counterfeit Otter Products Cases from the phone numbers identified

in your Answer to Interrogatory No. 4.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**  Produce all documents and

communications concerning the establishment, formation, registration, and ownership of any

entity identified in response to the Interrogatory No. 5, including without limitation (a) articles

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 11

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

of incorporation, bylaws, and any other formational or organizational documents; (b)

communications with any government agency regarding formation or registration; and (c)

documents reflecting shares issued, owners, and ownership interests held.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  Produce all documents—including without

limitation contracts, agreements, licenses, invoices, bills, purchase orders, receipts, shipping

manifests, payments, internal notes, and correspondence between you and any person—that

show, refer, relate to, or memorialize, any purchase, acquisition, import, and/or manufacture by

you of Otter Products Cases or Counterfeit Otter Products Cases.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  Produce all communications between you

and any person who has provided or offered to provide you (in any manner, including without

limitation, sale, manufacture, or trade) Otter Products Cases or Counterfeit Otter Products

Cases.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  Produce all policies, procedures, training

manuals, or other documents in effect at any time during the last five years, that govern or

governed your acquisition, advertising, marketing, sale, distribution, import, and/or

manufacture of Otter Products Cases or Counterfeit Otter Products Cases, including without

limitation all policies, procedures, training manuals, or other documents whose purpose or

effect is to ensure the products you acquired bearing OTTERBOX Trademarks were properly

manufactured by, or licensed for manufacture by, Otter Products.

**RESPONSE:**

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**REQUEST FOR PRODUCTION NO. 9:**  Produce all documents—including without limitation contracts, agreements, licenses, invoices, bills, purchase orders, receipts, shipping manifests, payments, internal notes, and correspondence between you and any person—that show, refer, relate to, or memorialize, any sale by you of Otter Products Cases or Counterfeit Otter Products Cases during the last five years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**  Produce all documents—including without limitation contracts, agreements, licenses, invoices, bills, purchase orders, receipts, shipping manifests, payments, internal notes, and correspondence between you and any person—that show, refer, relate to, or memorialize, any complaint you received relating to Otter Products Cases or Counterfeit Otter Products Cases you sold during the last five years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**  Produce all periodic statements during the last five years from any Financial Account into which any proceeds from the sale of Otter Products Cases or Counterfeit Otter Products Cases were deposited, including without limitation documents sufficient to show each account's balance, balance history, deposits, transfers, withdrawals, and checks or wire payments drawn on or deposited to the account

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**  Produce all documents and communications relating to Cases & More.

**RESPONSE:**

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents and communications relating to any Amazon Seller Account through which you have marketed or sold Otter Products Cases or Counterfeit Otter Products Cases during the last five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Produce all communications with Amazon during the last five years relating to any aspect of your sale of goods on Amazon.com.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Produce all agreements or contracts you have with Amazon that were in effect at any time during the last five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Produce all communications with Otter Products during the last five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents and communications during the last five years relating to any OTTERBOX Trademark.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Produce all marketing materials (whether in hard copy or electronic form) you created during the last five years using OTTERBOX Trademarks, or that in any way reference Otter Products Cases or Counterfeit Otter Products Cases.

**RESPONSE:**

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 14

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2      **REQUEST FOR PRODUCTION NO. 19:**  Produce all documents and

3  communications relating to the following Amazon orders:

4         a.   Order ID 109-8189493-4792259 on July 23, 2015.

5         b.   Order ID 109-7490388-0111419 on November 10, 2015.

6         c.   Order ID 112-1568304-2261825 on December 24, 2015.

7         d.   Order ID 112-5240300-2574610 on January 23, 2016.

8         e.   Order ID 105-1725172-5037854 on February 27, 2016.

9         f.   Order ID 106-9842401-5951416 on July 13, 2016.

10        g.   Order ID 112-0354794-6716238 on July 14, 2016.

11        h.   Order ID 110-6184376-6789009 on July 16, 2016.

12        i.   Order ID 103-3540312-0997853 on July 27, 2016.

13      **RESPONSE:**

14

15      **REQUEST FOR PRODUCTION NO. 20:**  Produce all documents and

16  communications relating to any case or matter identified in your Answer to Interrogatory No.

17  18.

18      **RESPONSE:**

19

20      **REQUEST FOR PRODUCTION NO. 21:**  Produce all notices (regardless of source)

21  relating to the infringement or authenticity of any goods sold by you during the last five years.

22      **RESPONSE:**

23

24      **REQUEST FOR PRODUCTION NO. 22:**  Produce all documents that support,

25  refute, or otherwise relate to the claims and allegations in the Complaint.

26      **RESPONSE:**

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

DATED: May 22, 2018

3

4                                        By: /s/ Bonnie E. MacNaughton
                                              Bonnie E. MacNaughton, WSBA #36110
5                                             James H. Wendell, WSBA #46489
                                              James Harlan Corning, WSBA #45177
6                                             DAVIS WRIGHT TREMAINE LLP
                                              1201 Third Avenue, Suite 2200
7                                             Seattle, Washington 98101-3045
                                              Telephone: (206) 622-3150
8                                             Facsimile:  (206) 757-7700

9

10

11                                            Attorneys for Plaintiff Amazon

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

## **ATTORNEY'S CERTIFICATION**

2

The undersigned attorneys for Defendants have read the foregoing Plaintiff Amazon's

3

First Set of Interrogatories and Requests for Production and the answers, responses and any

4

objections thereto, and confirm that the answers, responses and any objections thereto are in

5

compliance with FRCP 26(g).

6

DATED this _____ day of _____, 2018.

7

8

*Attorneys for Defendants*

9

10

By: _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 17

Davis Wright Tremaine LLP
Law Offices
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## <u>VERIFICATION BY PARTY</u>

COUNTRY OF_____          )

                                    ) ss.

CITY OF_____          )

_____, being first duly sworn, on oath deposes and says:

      That s/he is a duly authorized representative of Ngullen Alejando Rivera in the above-entitled matter, s/he has read the foregoing Plaintiff Amazon's First Set of Interrogatories and answers thereto, knows the contents thereof, and believes the same to be true and complete to the best of her/his knowledge and belief.


                                     By:    _____

                                     Name: _____

                                     Title: _____


      SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2018.

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 18

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing document to be served on the following in the manner indicated:

Eric Menhart                            (__)   Messenger
Eric R. Draluck                         (X)    U.S. Mail, postage prepaid
LEXERO LAW                              (__)   Federal Express
316 F Street NE, Ste. 101              (__)   Facsimile
Washington, DC  20002                  (X)    Email to:
Tel: (855) 453-9376                             eric.menhart@lexero.com
                                                edraluck@gmail.com

*Counsel for Defendants Ngullen Alejandro
Rivera and NGS ICommerce Enterprises
Corp.*

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 22nd day of May, 2018.

                                        */s/ Bonnie E. MacNaughton*
                                        Bonnie E. MacNaughton

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**EXHIBIT A**

**Required Format for Document Production**

Documents originating in paper (or any document without extracted text), shall be converted to single page TIFFs (Tagged Image File Format) and include multi-page OCR and placed in an "OCR" folder. Documents that contain redactions shall have OCR for the content that remains after the redactions are applied to the TIFF.

Electronically stored information shall be converted to TIFF images. Images shall be single page TIFFs and placed in an "Images" Folder with an accompanying Opticon Load File (.OPT) in an "Opticon" Folder. TIFF specifications: 300 DPI, CCITT Group 4 Fax encoding, no gray scale, and JPGs for color images.

Documents originating in electronic form shall include extracted text in a "Text" Folder.

Natively produced spreadsheets shall be in a folder named "Native" and each spreadsheet shall be re-named to include a Bates Number and Confidentiality Designation if applicable. For all documents produced natively within the production TIFFs, provide a slip sheet to take the native's place in the production.

The metadata fields listed below shall be produced in a .DAT Load File.  Priority "1" indicates fields that must be supplied to render your production of metadata complete and accurate.  Priority "2" indicates fields that we are requesting if available.

| Field Name | Field Contents | Priority* |
| --- | --- | --- |
| A_PRODBEGNO | Beginning Production Number as Bates Stamped | 1 |
| A_PRODENDNO | Ending Production Number as Bates Stamped | 1 |
| A_PRODATTBEG | Beginning Family Bates Production Number | 1 |
| A_PRODATTEND | Ending Family Bates Production Number | 1 |
| F_CUSTODIAN | Person or Data source from whom the document was collected. Format is (Last Name, First Name) | 1 |

AMAZON'S FIRST DISCOVERY REQUESTS TO
RIVERA (2:18-CV-00350-RSM) - 20

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

| E_FROM | EMAIL - Sender of Message | 1 |
|---|---|---|
| E_TO | EMAIL - Recipient of Message | 1 |
| E_CC | EMAIL - Carbon Copy recipients of Message | 1 |
| E_BCC | EMAIL - Blind Carbon Copy recipients of Message | 1 |
| ED_RCVDATE | EMAIL - Received Date of Message – Format: MM/DD/YYYY | 1 |
| ED_RCVTIME | EMAIL - Received Time of Message | 1 |
| ED_SENTDATE | EMAIL - Sent Date of Message. Format: MM/DD/YYYY | 1 |
| ED_SENTTIME | EMAIL - Sent Time of Message | 1 |
| E_SUBJECT | EMAIL - Subject of Message | 1 |
| ED_MODDATE | Date File was last modified, taken from file properties. Format: MM/DD/YYY | 1 |
| ED_MODTIME | Time File Last Modified, taken from file properties. | 1 |
| E_FILENAME | Original Native File Name (processing renames files to DOCID) | 1 |
| R_Designations | Confidentiality designation as burned on production image. | 1 |
| File Path | Processed file path to load native files into Relativity. This will be created by the processing vendor. | 1 |
| LINK_Extracted Text | Processed file path to load extracted Text/OCR (txt) files. | 1 |
| ED_UTC Offset | Time offset from GMT to indicate the local time zone. | 1 |
|  |  |  |
| E_AUTHOR | Author of Native File Taken from File Properties. | 2 |
| R_PRODVOL | Production Volume Number | 2 |
| E_FILEEXT | Native File Extension. For example, .msg for Outlook email or .doc for a Word document. | 2 |
| E_FILEPATH | Original Native File Path | 2 |
| E_FILESIZE | File size in bytes | 2 |

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

| E_TITLE | Title of Native File Taken from File Properties. | 2 |
| ED_CRTDDATE | Date File was created. Format: MM/DD/YYYY | 2 |
| ED_CRTDTIME | Time File Created | 2 |
| E_MD5Hash | Program generated unique document identifier | 2 |
| E_OCR Flag | A yes/no field; populated with yes if the file contains Optical Character Recognition "OCR" | 2 |

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# EXHIBIT C

Eric R. Draluck
Eric R. Draluck, Attorney at Law
P.O. Box 11647
Bainbridge Island, WA 98110
Phone: (206) 605-1424
Email: EDraluck@gmail.com

Eric J. Menhart (*Admitted Pro Hac Vice*)
Lexero Law
316 F Street NE, Suite 101
Washington, DC 20002
Office: (855) 453-9376
Fax: (855) 453-9376
Eric.Menhart@Lexero.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMAZON.COM, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NGULLEN ALEJANDRO RIVERA, *et al.*, <br><br> Defendants. | Case No: 2:18-cv-00350-RSM <br><br><br> **DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

1         Defendants, pursuant to Rule 33 of the Federal Rules of Civil Procedure,

2  hereby sets forth the following responses and objections to Plaintiff's First Set of

3  Interrogatories.

4              **<u>GENERAL OBJECTIONS & RESERVATION OF RIGHTS</u>**

5    Respondent reserves all objections to the admissibility of any documents or

6  materials produced in response to these requests. Respondent objects to the

7  Interrogatories on the following grounds:

8    1.  Where the Interrogatories seek private or confidential information.

9    2.  Where the Interrogatories seek information that is not relevant to the dispute.

10    3.  Where the Interrogatories seek information that is overbroad or unduly

11       burdensome.

12    4.  Where the Interrogatories seek information that is privileged, attorney work-

13       product, or otherwise subject to an applicable privilege or privacy right.

14       Inadvertent disclosure of any information or documents shall not be a waiver

15       of any claim of privilege, work-product protection, or any other exemption.

16    5.  Where the Interrogatories seek information that is publicly available or

17       otherwise available from other sources.

18    6.  Where the Interrogatories are otherwise inconsistent with the Federal Rules

19       of Civil Procedure.

20                      **<u>INTERROGATORIES</u>**

21  **<u>INTERROGATORY NO. 1:</u>** Identify each person who provided information

22  used in answering and responding to these Discovery Requests, and state the

23  information provided by that person.

24

---

1   **RESPONSE:** Ngullen Alejandro Rivera provided information to these

2   requests.

3                                              * * *

4   **INTERROGATORY NO. 2:** Identify each person with whom you have

5   communicated about the acquisition, marketing, sale, manufacture, import or

6   distribution of Otter Products Cases or Counterfeit Otter Products Cases.

7   **RESPONSE:** Objection. This request assumes that Defendants imported or

8   distributed "counterfeit" product cases. Defendants deny the same. Moreover, the

9   specific name and address of each person with whom Defendants communicated is

10  overbroad, unduly burdensome, and not narrowly tailored to the allegations of the

11  Complaint. Notwithstanding the foregoing, Defendant responds as follows:

12  - Homestead Flea Market, 24420 S Dixie Hwy, Homestead, FL 33032; Jesus
13    Gonzalez; 786- 842-9910

14  - Miami Flea Market, 3015 NW 79th St, Miami, FL 33147, Daniel Rodriguez,
15    352-299-0074

16  - Merchandize Liquidator, 7815 W 20th Ave, Hialeah, Fl. 33014; Allan Valdes,
17    Senior Sales Representative, 305-381-0877 or 800-218-9596, Fax: 786-294-
18    6532, MerchandizeLiquidators.com

19  - B-Stock Solutions, Inc., 1301 Shoreway Rd, Suite 200, Belmont, CA 94002;
20    BStock.com

21  - Overseas Trading Group, 4575 North US Hwy 1, Vero Beach, Florida 32967,
22    772-539-7075

23  - Braha Industries Inc., 10 West 33rd Street. New York, Ny 10001, Tel: 212-
24    714-1800

1    • Liquidator Warehouse, 2420 West 80th Street #5, Hialeah, FL 33016

2       Phone: 305-363-6810; LiquidatorWarehouse.com

3                                                   * * *

4       **INTERROGATORY NO. 3:** Identify each email account you have used to

5    communicate about the acquisition, marketing, sale, manufacture, import or

6    distribution of Otter Products Cases or Counterfeit Otter Products Cases.

7       **RESPONSE:** Objection. This request is not narrowly tailored to the

8    allegations of the Complaint. Defendants could, if appropriate to do so, identify

9    specific, existing, relevant communications without providing irrelevant information

10   that this interrogatory seeks. Defendant declines to provide additional information

11   at this time.

12                                                  * * *

13      **INTERROGATORY NO. 4:** Identify each phone number (by carrier and

14   number) you have used to communicate about the acquisition, marketing, sale,

15   manufacture, import or distribution of Otter Products Cases or Counterfeit Otter

16   Products Cases.

17      **RESPONSE:** Objection. This request is not narrowly tailored to the

18   allegations of the Complaint. Defendants could, if appropriate to do so, identify

19   specific relevant communications without providing irrelevant information sought

20   in this request. Defendant declines to provide additional information at this time.

21                                                  * * *

22      **INTERROGATORY NO. 5:** Identify each business entity owned or

23   controlled by you, whether in whole or in part, directly or indirectly, and describe

24

1  each entity's involvement, if any, in the advertising, marketing, sale, and/or

2  distribution of products on Amazon's website during the last five years.

3       **RESPONSE:** Objection. This request is not narrowly tailored to the

4  allegations of the Complaint. Notwithstanding the foregoing, Defendants respond

5  as follows: NGS ICommerce Enterprises Corp.

6                                    * * *

7       **INTERROGATORY NO. 6:** For each business entity identified in your

8  Answer to Interrogatory No. 5, identify all of that entity's owners (by overall

9  share), managers and employees during the last five years.

10       **RESPONSE:** Ngullen Alejandro Rivera is the primary owner. Defendants

11  will advise if there is any known record of any other owner.

12                                    * * *

13       **INTERROGATORY NO. 7:** For each business entity identified in your

14  Answer to Interrogatory No. 5, identify each physical location (e.g., street

15  address) owned, rented, leased or otherwise occupied for the purpose of

16  conducting that entity's business operations.

17       **RESPONSE:** The business lists 15438 SW 147th Street, Miami, Fl, 33196

18  and 4120 SW 194th Terrace Miramar, Fl 33029 its only address in its corporate

19  filings.

20                                    * * *

21       **INTERROGATORY NO. 8:** Identify each Amazon Seller Account (by

22  account name and seller ID) you have ever used, accessed, owned, or otherwise

23  controlled.

24

1     **RESPONSE:** Objection. This request is not narrowly tailored to the

2 allegations of the Complaint. Notwithstanding the foregoing, Defendant advises

3 that it may supplement this response after further research.

4                          * * *

5     **INTERROGATORY NO. 9:** Identify each person who created, used, or

6 accessed the Cases & More account, including the person's full name, employer,

7 job title, and contact information.

8     **RESPONSE:** Objection. This request is not narrowly tailored to the

9 allegations of the Complaint. Notwithstanding the foregoing, Defendant advises

10 that it may supplement this response after further research.

11                          * * *

12     **INTERROGATORY NO. 10:** Identify each website you use or have

13 ever used to advertise, market, sell, and/or distribute Otter Products Cases or

14 Counterfeit Otter Products Cases.

15     **RESPONSE:** Objection. This request assumes that Defendants imported

16 or distributed "counterfeit" product cases. Defendants deny the same.

17 Notwithstanding the foregoing, Defendant advises that it may supplement this

18 response after further research.

19                          * * *

20     **INTERROGATORY NO. 11:** Identify each acquisition by you of Otter

21 Products Cases or Counterfeit Otter Products Cases during the last five years,

22 including without limitation the full names, addresses, and contact information

23 of the person(s) from whom they were acquired; the date(s) they were acquired;

24

1    the items acquired; the quantity acquired; the price paid; and the serial numbers

2    or other identifying information associated with the acquisition.

3         **RESPONSE:** Objection. This request assumes that Defendants acquired

4    "counterfeit" product cases. Defendants deny the same. Moreover, this request is

5    not narrowly tailored to the allegations of the Complaint. Moreover, even if this

6    request were narrowly tailored, Defendants would certainly not have all data and

7    materials requested. Notwithstanding the foregoing, Defendant refers to its

8    Response to Interrogatory #2. Defendant also advises that it may supplement this

9    response after further research.

10                               \* \* \*

11        **INTERROGATORY NO. 12:** Identify each sale by you of Otter Products

12   Cases or Counterfeit Otter Products Cases during the last five years, including

13   without limitation the full names, addresses, and contact information of the

14   person(s) to whom they were sold; the date(s) they were sold; the items sold; the

15   quantity sold; the price at which they were sold; the ASIN under which they were

16   sold; the order numbers; and the serial numbers or other identifying information

17   associated with the sale.

18        **RESPONSE:** Objection. This request assumes that Defendants sold

19   "counterfeit" product cases. Defendants deny the same. Moreover, the

20   information sought by Plaintiff is equally as available to Plaintiff as from

21   Defendants.

22                               \* \* \*

23        **INTERROGATORY NO. 13:** Identify all Otter Products Cases or

24   Counterfeit Otter Products Cases which remain in your possession or control,

1  including their current physical location, items, quantity, and serial numbers or

2  other identifying information.

3       **RESPONSE:** Objection. This request assumes that Defendants have

4  possession or control of "counterfeit" product cases. Defendants deny the same.

5  Notwithstanding the foregoing, Defendants do not have any Otter Products cases,

6  counterfeit or otherwise, in their possession.

7                            \* \* \*

8       **INTERROGATORY NO. 14:** Identify each complaint received by you

9  about any Otter Products Cases or Counterfeit Otter Products Cases you sold

10  during the last five years, including without limitation the full names, addresses,

11  and contact information of the person(s) making the complaint; the date(s) of the

12  complaint; the substance of the complaint; your response to the complaint (if any);

13  and all information about the item(s) which are the subject of the complaint,

14  including the date the item was sold, quantity, price, ASIN, order numbers, and

15  serial numbers or other identifying information associated with the sale.

16       **RESPONSE:** Objection. This request is not narrowly tailored to the

17  allegations of the Complaint. This request assumes that Defendants manufactured

18  or sold "counterfeit" product cases. Defendants deny the same. Notwithstanding

19  the foregoing, Defendants advise that no such complaints exist.

20                            \* \* \*

21       **INTERROGATORY NO. 15:** Identify each financial account (by

22  institution, account number and account owner) into which you have received,

23  deposited, or transferred any funds derived from the manufacture or sale of Otter

24  Products Cases or Counterfeit Otter Products Cases during the last five years.

1    **RESPONSE:** Objection. This request assumes that Defendants

2    manufactured or sold "counterfeit" product cases. Defendants deny the same.

3    Moreover, the specific details of each financial account used by Defendants is

4    overbroad, unduly burdensome, and not narrowly tailored to the allegations of

5    the Complaint. Defendants decline to respond to this request.

6                                              * * *

7    **INTERROGATORY NO. 16:** Identify your total sales (by dollar) of

8    Otter Products Cases or Counterfeit Otter Products Cases during the last five

9    years, and describe the basis for and calculation method used to compute those

10   sales totals.

11   **RESPONSE:** Objection. This request assumes that Defendants

12   manufactured or sold "counterfeit" product cases. The information sought by

13   Plaintiff is equally as available to Plaintiff as from Defendants.

14                                             * * *

15   **INTERROGATORY NO. 17:** Identify your profits earned from the sale

16   of Otter Products Cases or Counterfeit Otter Products Cases during the last five

17   years, and describe the basis for and calculation method used to compute those

18   profits.

19   **RESPONSE:** Objection. This request assumes that Defendants

20   manufactured or sold "counterfeit" product cases. Defendants decline to respond

21   to this request.

22                                             * * *

23   **INTERROGATORY NO. 18:** Identify and describe all civil or criminal

24   actions, lawsuits, arbitrations, mediations, or other adjudicatory proceedings or

1   regulatory enforcement actions or investigations, including any request from a

2   State Attorney General's office, to which you have been a party or provided

3   testimony or evidence during the last ten (10) years involving the advertising,

4   marketing, sale, distribution, import, and/or manufacture of an allegedly

5   counterfeit, unlicensed or non-genuine product. Include in your description (i)

6   the parties to the lawsuit, (ii) the court, (iii) the caption and case number, (iv) the

7   nature of the claims asserted, and (v) the resolution of the case (i.e., still pending,

8   verdict, judgment granted, etc. or its current procedural stage).

9       **RESPONSE:** Objection. This request is overbroad, unduly burdensome,

10   and not narrowly tailored to the allegations of the Complaint. Defendants decline

11   to respond to this request.

12                                         * * *

13   Respectfully submitted,

14   /s/ Eric J. Menhart
15   Eric J. Menhart, Esq. *
     * Admitted Pro Hac Vice

16   /s/ Eric R. Draluck
17   Eric R. Draluck, Esq.
     Attorney to be Noticed

18

19

20   **CERTIFICATE OF SERVICE**

21       I hereby certify that, on June 25, 2018, a copy of the foregoing was served
     via email upon Plaintiff's counsel:

22       Bonnie E. MacNaughton
         DAVIS WRIGHT TREMAINE LLP
         1201 Third Avenue, Suite 2200
23       Seattle, Washington 98101-3045

24   /s/ Eric J. Menhart

Defendants' Responses to Plaintiff's Interrogatories          10

1    Eric J. Menhart, Esq. *
2    * Admitted Pro Hac Vice

# EXHIBIT D

1    Eric R. Draluck
     Eric R. Draluck, Attorney at Law
2    P.O. Box 11647
     Bainbridge Island, WA 98110
3    Phone: (206) 605-1424
     Email: EDraluck@gmail.com
4
     Eric J. Menhart (*Admitted Pro Hac Vice*)
5    Lexero Law
     316 F Street NE, Suite 101
6    Washington, DC 20002
     Office: (855) 453-9376
7    Fax: (855) 453-9376
     Eric.Menhart@Lexero.com
8
     Attorneys for Defendants
9

10              **UNITED STATES DISTRICT COURT**
             **WESTERN DISTRICT OF WASHINGTON**
11

12   AMAZON.COM, INC., *et al.*,              Case No: 2:18-cv-00350-RSM

13                  Plaintiffs,

14   v.

15   NGULLEN ALEJANDRO RIVERA, *et*        **DEFENDANT'S RESPONSES TO**
     *al.*,                                **PLAINTIFF'S FIRST REQUESTS**
16                                         **FOR PRODUCTION**
                    Defendants.
17

18

19

20

21

22

23

24

1       **REQUEST FOR PRODUCTION NO. 1:** Produce all documents reviewed,

2   referred to, or relied upon in preparing your responses to any of these Discovery

3   Requests.

4       **ANSWER:** Defendant intends to produce any existing non-privileged

5   documents that are responsive to this request and within its custody or control.

6                                       * * *

7       **REQUEST FOR PRODUCTION NO. 2:** Produce all communications

8   with each person identified in your Answer to Interrogatory No. 2 relating to Otter

9   Products Cases or Counterfeit Otter Products Cases.

10       **ANSWER:** Objection. This request assumes that Defendants imported or

11   distributed "counterfeit" product cases. Defendants deny the same. Moreover, the

12   request for "all" communications is overbroad, unduly burdensome, and not

13   narrowly tailored to the allegations of the Complaint. Documents responsive to this

14   request are being withheld.

15                                       * * *

16       **REQUEST FOR PRODUCTION NO. 3:** Produce all communications

17   relating to Otter Products Cases or Counterfeit Otter Products Cases from the email

18   account(s) identified in your Answer to Interrogatory No. 3.

19       **ANSWER:** Objection. This request assumes that Defendants imported or

20   distributed "counterfeit" product cases. Defendants deny the same. Moreover, the

21   request for "all" communications from certain email accounts is overbroad, unduly

22   burdensome, and not narrowly tailored to the allegations of the Complaint.

23   Documents responsive to this request are being withheld.

24                                       * * *

**REQUEST FOR PRODUCTION NO. 4:** Produce all text or voice messages relating to Otter Products Cases or Counterfeit Otter Products Cases from the phone numbers identified in your Answer to Interrogatory No. 4.

**RESPONSE:** Objection. This request assumes that Defendants imported or distributed "counterfeit" product cases. Defendants deny the same. Moreover, the request for "all" communications from certain email accounts is overbroad, unduly burdensome, and not narrowly tailored to the allegations of the Complaint. Notwithstanding the foregoing, Defendants intend to produce certain existing non-privileged documents that are responsive to this request and within their custody or control.

\* \* \*

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents and communications concerning the establishment, formation, registration, and ownership of any entity identified in response to the Interrogatory No. 5, including without limitation (a) articles of incorporation, bylaws, and any other formational or organizational documents; (b) communications with any government agency regarding formation or registration; and (c) documents reflecting shares issued, owners, and ownership interests held.

**RESPONSE:** Objection. This request is not narrowly tailored to the allegations of the Complaint. Notwithstanding the foregoing, Defendants intend to produce existing non-privileged documents that are responsive to this request and within their custody or control.

\* \* \*

1    **REQUEST FOR PRODUCTION NO. 6:** Produce all documents—

2  including without limitation contracts, agreements, licenses, invoices, bills,

3  purchase orders, receipts, shipping manifests, payments, internal notes, and

4  correspondence between you and any person—that show, refer, relate to, or

5  memorialize, any purchase, acquisition, import, and/or manufacture by you of

6  Otter Products Cases or Counterfeit Otter Products Cases.

7    **RESPONSE:** Objection. This request assumes that Defendants imported or

8  distributed "counterfeit" product cases. Defendants deny the same. Moreover, the

9  request is overbroad, unduly burdensome, and not narrowly tailored to the

10  allegations of the Complaint. Notwithstanding the foregoing, Defendants intend

11  to produce existing non-privileged documents that are responsive to this request

12  and within their custody or control.

13                    * * *

14    **REQUEST FOR PRODUCTION NO. 7:** Produce all communications

15  between you and any person who has provided or offered to provide you (in any

16  manner, including without limitation, sale, manufacture, or trade) Otter Products

17  Cases or Counterfeit Otter Products Cases.

18    **RESPONSE:** Objection. This request assumes that Defendants imported

19  or distributed "counterfeit" product cases. Defendants deny the same.

20  Notwithstanding the foregoing, Defendants intend to produce existing non-

21  privileged documents that are responsive to this request and within their custody

22  or control.

23                    * * *

24

1      **REQUEST FOR PRODUCTION NO. 8:** Produce all policies,

2  procedures, training manuals, or other documents in effect at any time during

3  the last five years, that govern or governed your acquisition, advertising,

4  marketing, sale, distribution, import, and/or manufacture of Otter Products

5  Cases or Counterfeit Otter Products Cases, including without limitation all

6  policies, procedures, training manuals, or other documents whose purpose or

7  effect is to ensure the products you acquired bearing OTTERBOX Trademarks

8  were properly manufactured by, or licensed for manufacture by, Otter Products.

9      **RESPONSE:** Objection. This request assumes that Defendants imported

10  or distributed "counterfeit" product cases. Defendants deny the same.

11  Moreover, the request is overbroad, unduly burdensome, and not narrowly

12  tailored to the allegations of the Complaint. Notwithstanding the foregoing,

13  Defendants intend to produce existing non-privileged documents that are

14  responsive to this request and within their custody or control.

15                           * * *

16      **REQUEST FOR PRODUCTION NO. 9:** Produce all documents—

17  including without limitation contracts, agreements, licenses, invoices, bills,

18  purchase orders, receipts, shipping manifests, payments, internal notes, and

19  correspondence between you and any person—that show, refer, relate to, or

20  memorialize, any sale by you of Otter Products Cases or Counterfeit Otter

21  Products Cases during the last five years.

22      **RESPONSE:** Objection. This request assumes that Defendants imported or

23  distributed "counterfeit" product cases. Defendants deny the same.

24  Notwithstanding the foregoing, Defendants intend to produce existing non-

1   privileged documents that are responsive to this request and within their custody

2   or control.

3                                                    * * *

4          **REQUEST FOR PRODUCTION NO. 10:** Produce all documents—

5   including without limitation contracts, agreements, licenses, invoices, bills,

6   purchase orders, receipts, shipping manifests, payments, internal notes, and

7   correspondence between you and any person—that show, refer, relate to, or

8   memorialize, any complaint you received relating to Otter Products Cases or

9   Counterfeit Otter Products Cases you sold during the last five years.

10          **RESPONSE:** Objection. This request assumes that Defendants

11   imported or distributed "counterfeit" product cases. Defendants deny the same.

12   Moreover, the request is overbroad, unduly burdensome, and not narrowly

13   tailored to the allegations of the Complaint. Notwithstanding the foregoing,

14   Defendants intend to produce existing non-privileged documents that are

15   responsive to this request and within their custody or control.

16                                                   * * *

17          **REQUEST FOR PRODUCTION NO. 11:** Produce all periodic

18   statements during the last five years from any Financial Account into which any

19   proceeds from the sale of Otter Products Cases or Counterfeit Otter Products

20   Cases were deposited, including without limitation documents sufficient to show

21   each account's balance, balance history, deposits, transfers, withdrawals, and

22   checks or wire payments drawn on or deposited to the account.

23          **RESPONSE:** Objection. This request assumes that Defendants imported or

24   distributed "counterfeit" product cases. Defendants deny the same. Moreover, the

1  request for financial documents is overbroad, unduly burdensome, and not

2  narrowly tailored to the allegations of the Complaint. Documents responsive to

3  this request are being withheld.

4                                        * * *

5        **REQUEST FOR PRODUCTION NO. 12:** Produce all documents and

6  communications relating to Cases & More.

7        **RESPONSE:** Objection. This request for documents and communications

8  is overbroad, unduly burdensome, and not narrowly tailored to the allegations of

9  the Complaint. Documents responsive to this request are being withheld.

10                                       * * *

11       **REQUEST FOR PRODUCTION NO. 13:** Produce all documents and

12 communications relating to any Amazon Seller Account through which you have

13 marketed or sold Otter Products Cases or Counterfeit Otter Products Cases during

14 the last five years.

15       **RESPONSE:** Objection. This request assumes that Defendants marketed or

16 sold "counterfeit" product cases. Defendants deny the same. Moreover, the request

17 for documents and communications is overbroad, unduly burdensome, and not

18 narrowly tailored to the allegations of the Complaint. Documents responsive to this

19 request are being withheld.

20                                       * * *

21       **REQUEST FOR PRODUCTION NO. 14:** Produce all communications

22 with Amazon during the last five years relating to any aspect of your sale of goods

23 on Amazon.com.

24

1     **RESPONSE:** Objection. This request for communications is overbroad,

2 unduly burdensome, and not narrowly tailored to the allegations of the Complaint.

3 Moreover, the documents being requested are already in the possession of the

4 Plaintiff.

5                           * * *

6     **REQUEST FOR PRODUCTION NO. 15:** Produce all agreements or

7 contracts you have with Amazon that were in effect at any time during the last five

8 years.

9     **RESPONSE:** Objection. This request is overbroad, unduly burdensome, and

10 not narrowly tailored to the allegations of the Complaint. Moreover, the documents

11 being requested are already in the possession of the Plaintiff.

12                           * * *

13     **REQUEST FOR PRODUCTION NO. 16:** Produce all communications

14 with Otter Products during the last five years.

15     **RESPONSE:** Objection. This request for communications is overbroad,

16 unduly burdensome, and not narrowly tailored to the allegations of the Complaint.

17 Moreover, the documents being requested are already in the possession of the

18 Plaintiff.

19                           * * *

20     **REQUEST FOR PRODUCTION NO. 17:** Produce all documents and

21 communications during the last five years relating to any OTTERBOX Trademark.

22     **RESPONSE:** Objection. This request for documents and communications is

23 overbroad, unduly burdensome, and not narrowly tailored to the allegations of the

24 Complaint. Notwithstanding the foregoing, Defendants intend to produce existing

1  non-privileged documents that are responsive to this request and within their

2  custody or control.

3  　　　　　　　　　　　　　　　* * *

4  　　　　**REQUEST FOR PRODUCTION NO. 18:** Produce all marketing materials

5  (whether in hard copy or electronic form) you created during the last five years

6  using OTTERBOX Trademarks, or that in any way reference Otter Products Cases

7  or Counterfeit Otter Products Cases.

8  　　　　**RESPONSE:** Objection. This request assumes that Defendants marketed or

9  sold "counterfeit" product cases. Defendants deny the same. Notwithstanding the

10  foregoing, Defendants intend to produce existing non-privileged documents that

11  are responsive to this request and within their custody or control.

12  　　　　　　　　　　　　　　　* * *

13  　　　　**REQUEST FOR PRODUCTION NO. 19:** Produce all documents and

14  communications relating to the following Amazon orders:

15  　　　　　　　a.  Order ID 109-8189493-4792259 on July 23, 2015.

16  　　　　　　　b.  Order ID 109-7490388-0111419 on November 10, 2015.

17  　　　　　　　c.  Order ID 112-1568304-2261825 on December 24, 2015.

18  　　　　　　　d.  Order ID 112-5240300-2574610 on January 23, 2016.

19  　　　　　　　e.  Order ID 105-1725172-5037854 on February 27, 2016.

20  　　　　　　　f.  Order ID 106-9842401-5951416 on July 13, 2016.

21  　　　　　　　g.  Order ID 112-0354794-6716238 on July 14, 2016.

22  　　　　　　　h.  Order ID 110-6184376-6789009 on July 16, 2016.

23  　　　　　　　i.  Order ID 103-3540312-0997853 on July 27, 2016.

24

1    **RESPONSE:** Objection. This request for communications is overbroad,

2  unduly burdensome, and not narrowly tailored to the allegations of the Complaint.

3  Moreover, the documents being requested are already in the possession of the

4  Plaintiff.

5                            * * *

6    **REQUEST FOR PRODUCTION NO. 20:** Produce all documents and

7  communications relating to any case or matter identified in your Answer to

8  Interrogatory No. 18.

9    **RESPONSE:** No such documents exist.

10                          * * *

11    **REQUEST FOR PRODUCTION NO. 21:** Produce all notices (regardless

12  of source) relating to the infringement or authenticity of any goods sold by you

13  during the last five years.

14    **RESPONSE:** Objection. This request is overbroad, unduly burdensome, and

15  not narrowly tailored to the allegations of the Complaint. Moreover, the request is

16  completely irrelevant. Documents responsive to this request are being withheld.

17                         * * *

18    **REQUEST FOR PRODUCTION NO. 22:** Produce all documents that

19  support, refute, or otherwise relate to the claims and allegations in the Complaint.

20    **RESPONSE:** Defendants intend to produce existing non-privileged

21  documents that are responsive to this request and within their custody or control

22                         * * *

23

24

Respectfully submitted,

/s/ Eric J. Menhart
Eric J. Menhart, Esq. *
*Admitted Pro Hac Vice*

/s/ Eric R. Draluck
Eric R. Draluck, Esq.
*Attorney to be Noticed*

## CERTIFICATE OF SERVICE

    I hereby certify that, on June 25, 2018, a copy of the foregoing was served via email and first-class mail upon Plaintiff's counsel:

    Bonnie E. MacNaughton
    DAVIS WRIGHT TREMAINE LLP
    1201 Third Avenue, Suite 2200
    Seattle, Washington 98101-3045

/s/ Eric J. Menhart
Eric J. Menhart, Esq. *
*Admitted Pro Hac Vice*

# EXHIBIT E

| | |
|---|---|
| **From:** | Wendell, Jamie |
| **Sent:** | Tuesday, July 03, 2018 4:22 PM |
| **To:** | eric.menhart@lexero.com; p17a433@lexero.com |
| **Cc:** | Eric R. Draluck (edraluck@gmail.com); MacNaughton, Bonnie |
| **Subject:** | RE: Amazon v. Rivera - Answer |

Hi Eric,

We appreciate your answer and discovery responses.

Please let us know when we can expect defendants' document production.

Thanks,

Jamie

**Jamie Wendell** | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8350 | Fax: (206) 757-7350
Email: jamiewendell@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

# EXHIBIT F

| From: | Wendell, Jamie |
|---|---|
| Sent: | Monday, July 09, 2018 6:18 PM |
| To: | eric.menhart@lexero.com; p17a433@lexero.com |
| Cc: | Eric R. Draluck (edraluck@gmail.com); MacNaughton, Bonnie |
| Subject: | RE: Amazon v. Rivera - Answer |

Hi Eric,

Do you have availability for a call on Wednesday (7/11)?  I'm generally available so please let me know what time works best for you.

In addition to the topics you would like to discuss, please be prepared to discuss the status of Defendants' search for responsive documents.  Defendants' production last week contained nine documents total, with six of them being publically available corporate filings.  Of the other three documents, only one of them appears to have any potential relevance.  Among other things, we would like to understand the date by which Defendants' expect to complete their production.

Regards,

Jamie

**Jamie Wendell** | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8350 | Fax: (206) 757-7350
Email: jamiewendell@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

# EXHIBIT G



Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
(206) 622-3150 tel.
(206) 757-7700 fax

**Bonnie MacNaughton**
BonnieMacNaughton@dwt.com

**James H. Wendell**
JamieWendell@dwt.com

July 18, 2018

***VIA EMAIL***

Eric J. Menhart
Eric R. Draluck
Lexero Law
316 F Street NE, Suite 101
Washington, DC 20002
(855) 453-9376

Re:     *Amazon.com, Inc. and Otter Products LLC v. Ngullen Alejandro Rivera, et al.*, No. 2:18-cv-00350-RSM

Counsel:

We write to raise a number of issues with Defendants' Answer and Defendant Rivera's responses to Plaintiff Amazon's First Set of Interrogatories and Requests for Production ("Discovery Requests").  We thank you in advance for your prompt attention to these issues.

### **<u>Defendants' Answer</u>**

Amazon and Otter Products agreed to provide Defendants an additional thirty days (through May 7, 2018) to file an answer to the complaint.  That date came and went without any answer.  On June 7, 2018, I notified you via email that Plaintiffs would move for entry of default if Defendants did not answer the complaint by June 25, 2018.

On that day, Defendants filed a joint answer to Plaintiffs' complaint, but that answer is insufficient.  For every factual allegation in the complaint, Defendants answered that they are "without knowledge or information sufficient to form a belief as to the truth of the allegations."  While this may be an appropriate answer in limited situations, Defendants' blanket use of this answer is improper.  For example, Defendants' Answer claims they are "without knowledge or information" in order to answer whether Plaintiffs correctly identified their names and residences.  Compl. ¶¶ 6, 7.  Defendants also claimed a lack of knowledge to be able to answer whether they operated the Amazon seller account at issue (*id.* ¶ 27) or entered into the BSA (*id.* ¶ 31).  Defendants' refusal to answer these allegations serves only to increase the discovery costs in this case.  **Please file an amended answer fully responding to each factual allegation in the complaint.**

July 18, 2018
Page 2

**<u>Requests for Production Deficiencies</u>**

**<u>Requests for Production Nos. 1, 4–10, 17, 18, and 22</u>** — Amazon served the Discovery Requests on May 22, 2018, and Mr. Rivera's responses were due on June 25.  On that day, we received Mr. Rivera's written responses indicating he agreed to provide documents in response to half of Amazon's 22 Requests for Production (Nos. 1, 4–10, 17, 18, and 22), but we did not receive any documents.

On July 5, Mr. Rivera produced nine documents.  All but three of these documents were public corporate filings for NGS ICommerce Enterprises Corp., including its articles of incorporation and annual reports.  Of the three other documents Mr. Rivera produced, two of them are invoices from Merchandize Liquidators for purchases by NGS ICommerce and "NJW iRetails LLC" of apparently irrelevant merchandise (*i.e.*, not Otter Products Cases or Counterfeit Otter Products Cases).  The only non-public document that is even potentially relevant is an invoice from "Gold Gain Intl Group Limited" for Mr. Rivera's apparent purchase of 160 blue "Otterbox Defender" cases for iPhone 5.  This production is insufficient to satisfy even the limited set of responsive documents which Mr. Rivera agreed to provide.

In his initial disclosures, Mr. Rivera expressly represented that he had a number of documents within his possession, custody or control.  The documents Mr. Rivera identified included "Documents containing general information about the business operations of Defendants' business," "Documents related to Defendants' sale of goods," "Various contracts and communications with third parties related to the sale of goods," and "E-mail, facsimile, and/or other communications related to the sale of goods."  All of these documents would be responsive to Amazon's Discovery Requests.  To date, we have not received any of these documents.

**Please provide all documents responsive to Amazon's Requests for Production Nos. 1, 4–10, 17, 18, and 22 by July 31, 2018.**

**<u>Document Production Format</u>** — Although the Discovery Requests instructed Mr. Rivera to "mark each page or sheet … with an identification of the defendant and consecutive document control (Bates) numbers," the documents in Mr. Rivera's initial production are not marked.  This will impede the parties' communications in this case by making it difficult to refer to individual pages.  **Please produce all documents in this case in accordance with Amazon's instructions.**

**<u>Requests for Production Nos. 2, 3, 11–13, and 21</u>** — These requests seek documents and communications relating to Otter Products cases, counterfeit Otter Products cases, Mr. Rivera's Amazon seller accounts, certain of Mr. Rivera's financial accounts, and notices relating to infringement or authenticity of goods Mr. Rivera has received.  Mr. Rivera acknowledged that he has documents responsive to these requests, but is withholding them based on his objection that the requests are "overbroad, unduly burdensome, and not narrowly tailored to the allegations of the Complaint."  As explained below, Mr. Rivera's objections are meritless, and Amazon has a

July 18, 2018
Page 3

right to discover information relating to these requests.  **Please provide all documents responsive to Requests for Production Nos. 2, 3, 11–13, and 21 by July 31, 2018.**

- Requests for Production Nos. 2 and 3 seek all communications "relating to Otter Products Cases or Counterfeit Otter Products Cases."  Mr. Rivera objected to both requests, stating that they are "overbroad, unduly burdensome, and not narrowly tailored to the allegations of the Complaint."  This objection is baseless.  These requests target communications relating to the core issue in this case:  Mr. Rivera's sale of Otter Products Cases.  Further, Mr. Rivera agreed to produce documents responsive to Requests for Production Nos. 4 and 7, which seek certain communications and text and voice messages relating to the same subject.  There is no basis to distinguish the discoverability of, or burden of producing, the communications withheld for Requests for Production Nos. 2 and 3, from the communications Mr. Rivera agreed to produce in response to Requests for Production Nos. 4 and 7.

- Request for Production No. 11 seeks "all periodic statements during the last five years from any Financial Account into which any proceeds from the sale of Otter Products Cases or Counterfeit Otter Products Cases were deposited."  Mr. Rivera, however, objected to this Request because it is "overbroad, unduly burdensome, and not narrowly tailored to the allegations of the Complaint."  To the contrary, this request is narrowly tailored to seek information only from those accounts containing proceeds from the sale of the very cases at issue in this proceeding for a limited time period.  Amazon is entitled to inquire into Defendants' revenue and profit earned from the sale of Otter Products Cases because such information is highly relevant to both liability and damages in this matter.

- Requests for Production Nos. 12 and 13 seek documents and communications relating to Mr. Rivera's Amazon seller account Cases & More LLC and any other Amazon Seller Account through which Mr. Rivera or his businesses marketed or sold Otter Products Cases or Counterfeit Otter Products Cases during the last five years.  Mr. Rivera states that he is withholding documents because the requests are "overbroad, unduly burdensome, and not narrowly tailored to the allegations of the Complaint."  Mr. Rivera's objections are without merit.  These requests are narrowly tailored to seek information about only the Amazon Seller Accounts relevant to the issues in this proceeding, and are temporally limited.

- Request for Production No. 21 seeks "all notices … relating to the infringement or authenticity of any goods sold by you during the last five years."  Mr. Rivera objected that this request is overbroad, unduly burdensome, and not narrowly tailored, and additionally that the request is "completely irrelevant."  Amazon disagrees.  There is no basis to find any undue burden on Mr. Rivera, and the request is narrowly tailored to seek

July 18, 2018
Page 4

information only for a limited time period.  Further, the request is relevant because any responsive documents are expected to show Mr. Rivera and his businesses' knowledge of the authenticity of the products they purchased and sold, including other counterfeit products they acquired from the sources that provided them with Counterfeit Otter Products Cases, and other counterfeit products they marketed and sold on Amazon's website in breach of Amazon's Business Solutions Agreement.  Mr. Rivera's knowledge, of course, is highly relevant to a damages award in this case.

**Requests for Production Nos. 14–16 and 19** — These requests relate to communications with Amazon and Otter Products during the last five years, agreements with Amazon in effect during the last five years, and documents and communications relating to nine specific Amazon orders. Mr. Rivera objected to these requests as "overbroad, unduly burdensome, and not narrowly tailored to the allegations of the Complaint" and responded that "the documents being requested are already in the possession of the Plaintiff."  As explained below, Mr. Rivera's objections are meritless, and Amazon has a right to discover information relating to these requests. Additionally, without Mr. Rivera's production or even identification of these documents, Amazon does not know whether the documents are, in fact, in its possession.  Nor has Mr. Rivera provided any legal support for the proposition that a party can ignore its obligation to produce responsive documents by claiming the other party already possesses the documents, without even identifying the documents allegedly possessed.  **Please provide all documents responsive to Requests for Production Nos. 14–16 and 19 by July 31, 2018.**

- Requests for Production Nos. 14–16 seek all communications with Amazon and Otter Products, and all agreements in effect with Amazon, during the last five years.  Among other concerns, Amazon does not know all of the e-mail addresses, phone numbers, Amazon Seller Accounts, and other communication methods that Mr. Rivera and his businesses used to communicate with Amazon and Otter Products during the last 5 years and therefore cannot determine which documents are allegedly in Amazon's possession that are responsive to these requests.

- Request for Production No. 19 seeks all documents and communications related to nine specific Amazon orders, which represent some of Defendants' transactions involving the sale of Counterfeit Otter Products Cases.  Even if some of the documents may be in Amazon's possession, others are not—such as communications by Mr. Rivera and his businesses outside of Amazon's website relating to these transactions, and documents showing how they acquired the cases that were the subject of the transactions.

### Interrogatories Deficiencies

**Verification Signature** — Pursuant to Rule 33(b)(5), **please promptly provide a verification signature for Mr. Rivera's answers to Amazon's First Set of Interrogatories.**

July 18, 2018
Page 5

**Interrogatory No. 2** — This Interrogatory asks Mr. Rivera to identify "each person with whom you have communicated about the acquisition, marketing, sale, manufacture, import or distribution of Otter Products Cases or Counterfeit Otter Products Cases." Notably, Mr. Rivera's answer does not include "Gold Gain Intl Group Limited"—even though Mr. Rivera produced an invoice from "Gold Gain Intl Group Limited" showing his apparent acquisition of 160 "Otterbox Defender" cases from this entity. It is critical for Amazon to have a full and complete answer to this Interrogatory in order to account for the sources of all of the cases which were acquired by Mr. Rivera and his businesses, and to confirm Amazon's allegations that Defendants were not licensed or authorized to market and sell these cases. **Please supplement Mr. Rivera's answer to Interrogatory No. 2 to provide a full and complete response.**

**Interrogatories Nos. 3, 4, 15, 17, and 18** — Among other things, these Interrogatories ask Mr. Rivera to identify certain email accounts, financial accounts, and phone numbers; profits; and other proceedings involving counterfeit products. In each of his Answers, Mr. Rivera "declined" to answer the Interrogatory, sometimes without even asserting an objection. As explained below, Amazon is entitled to the information sought in theses interrogatories. **Please supplement Mr. Rivera's answers to Interrogatories Nos. 3, 4, 15, 17, and 18 to provide a full and complete response.**

- Interrogatories Nos. 3 and 4 ask Mr. Rivera to identify "each email account" and "each phone number" "you have used to communicate about the acquisition, marketing, sale, manufacture, import or distribution of Otter Products Cases or Counterfeit Otter Products Cases." Mr. Rivera's objection is that these interrogatories are "not narrowly tailored to the allegations of the Complaint." Mr. Rivera also states that he "could, if appropriate to do so, identify specific, existing, relevant communications without providing irrelevant information that this interrogatory seeks." There is nothing "irrelevant" about the information sought in these interrogatories, and identifying certain communications does not eliminate Mr. Rivera's obligation to answer them. Amazon seeks basic information about the email addresses and phone number Mr. Rivera used to communicate about Otter Products cases. Mr. Rivera has no basis to withhold this information.

- Interrogatory No. 15 asks Mr. Rivera to identify "each financial account … into which you have received, deposited, or transferred any funds derived from the manufacture or sale of Otter Products Cases or Counterfeit Otter Products Cases during the last five years." Mr. Rivera objects that "the specific details of each financial account used by Defendants is overbroad, unduly burdensome, and not narrowly tailored to the allegations of the Complaint." But this Interrogatory is narrowly tailored to seek only the identity of accounts relevant to the cases at issue in this proceeding—not each financial account ever used by Mr. Rivera or his businesses. Amazon is entitled to the information regarding

July 18, 2018
Page 6

> Mr. Rivera's financial accounts that were used in furtherance of his scheme to sell counterfeit Otter Products cases.

- Interrogatory No. 17 asks Mr. Rivera to identify "profits earned from the sale of Otter Products Cases or Counterfeit Otter Products Cases during the last five years, and describe the basis for and calculation method used to compute those profits." Mr. Rivera objects that "[t]his request assumes that Defendants manufactured or sold 'counterfeit' product cases." But that is false. The interrogatory specifically requests information about genuine and counterfeit cases to avoid the issue to which Mr. Rivera objects. The revenue and profits Mr. Rivera earned from the sale of Otter Products cases is discoverable and highly relevant.

- Interrogatory No. 18 asks Mr. Rivera to identify and describe, among other things, proceedings or investigations "to which you have been a party or provided testimony or evidence during the last ten (10) years" involving marketing or sales of allegedly counterfeit products. Mr. Rivera objects that "[t]his request is overbroad, unduly burdensome, and not narrowly tailored to the allegations of the Complaint." But Mr. Rivera has not explained why providing this information would unduly burden him. Further, this Interrogatory is narrowly tailored to seek the identity of proceedings which may yield information as to, among other things, Mr. Rivera and his businesses' knowledge about the authenticity of the cases that they sold.

**Interrogatory No. 5** — This Interrogatory asks Mr. Rivera to identify "each business entity owned or controlled by you, whether in whole or in part, directly or indirectly, and describe each entity's involvement, if any, in the advertising, marketing, sale, and/or distribution of products on Amazon's website during the last five years." In his answer, Mr. Rivera identified only one entity—NGS ICommerce—but did not describe this entity's involvement with the activities on Amazon's website. **Please provide this requested information.**

Further, Mr. Rivera's answer did not identify NJW iRetails LLC even though Mr. Rivera produced an invoice directed to this entity, and public records list him as a manager of this entity. Contrary to Mr. Rivera's objection that this Interrogatory "is not narrowly tailored to the allegations of the Complaint," Amazon is entitled to know the identities of the entities Mr. Rivera used in the course of his infringing activities, and that Mr. Rivera may use in the future to attempt to create new Amazon Seller Accounts. **Please confirm Mr. Rivera does not own or control any entity besides NGS ICommerce. If he does, please supplement Mr. Rivera's answer to Interrogatory No. 5 to provide a full and complete response.**

**Interrogatories Nos. 6 and 7** — Among other things, these Interrogatories ask for information about the owners, managers and employees, and the physical locations, of each entity identified in Interrogatory No. 5. **For each additional entity provided by Mr. Rivera in his supplement**

July 18, 2018
Page 7

**to Interrogatory No. 5, please supplement Mr. Rivera's answers to Interrogatories Nos. 6 and 7 to provide the requested information for the entity.**

- Further, Mr. Rivera answered Interrogatory No. 6 by stating only that he is the "primary owner." But this interrogatory sought all owners, not just the "primary" owner. Further, it sought all managers and employees during the last 5 years, none of whom Mr. Rivera provided. **Please confirm NGS ICommerce does not have any owners, managers, or employees other than Mr. Rivera.**

- Additionally, Mr. Rivera answered Interrogatory No. 7 by listing the addresses "in its corporate filings." But that caveat means Mr. Rivera's answer is incomplete. He must answer the interrogatory regardless of whether the information is in the corporate filings. **Please confirm NGS ICommerce did not own, rent, lease, or otherwise occupy any other physical location for its business operations.**

**Interrogatories Nos. 8–11** — Among other things, these Interrogatories ask Mr. Rivera to identify each Amazon Seller Account used by him or his businesses, each person who used the Cases & More account, each website Mr. Rivera or his businesses used to market Otter Products Cases or Counterfeit Otter Products cases, and each acquisition of these cases. Mr. Rivera did not provide any substantive answers to these interrogatories—only that he "may supplement this response after further research." This is plainly insufficient. The subjects of these Interrogatories are at the core of Amazon's allegations, and Amazon is entitled to this information so it can fully prosecute its claims. **Please supplement Mr. Rivera's answers to Interrogatories Nos. 8-11 to provide a full and complete response.**

**Interrogatories Nos. 12 and 16** — Among other things, these Interrogatories ask Mr. Rivera to identify each sale of Otter Products Cases or Counterfeit Otter Products cases, and the total sales dollar amount (including calculation method) for these cases. Mr. Rivera answered "[t]he information sought by Plaintiff is equally as available to Plaintiff as from Defendants." There are numerous problems with this answer. Procedurally, Mr. Rivera provides no support for the proposition that he may avoid answering an interrogatory solely because information may be in the requesting parties' possession. Factually, Mr. Rivera's answer is false. Mr. Rivera has refused to identify the Amazon Seller Accounts used to sell the cases, so Amazon cannot gather this information. Further, Mr. Rivera has refused to identify any other websites used to sell the cases, or to confirm that no other websites were used. To the extent Mr. Rivera sold cases through any other platform besides Amazon, Amazon would not have that information. **Please supplement Mr. Rivera's answers to Interrogatories 12 and 16 to provide a full and complete response.**

**Interrogatory No. 13** — Among other things, this Interrogatory asks Mr. Rivera to "[i]dentify all Otter Products Cases or Counterfeit Otter Products Cases which remain in your possession or

July 18, 2018
Page 8


control." Mr. Rivera answered, "Defendants do not have any Otter Products cases, counterfeit or otherwise, *in their possession*" (emphasis added). **Please confirm that Mr. Rivera and his businesses also do not have any Otter Products Cases or Counterfeit Otter Products Cases *in their control*.**


Please let us know if you would like to discuss any of these issues further.

Sincerely,

Davis Wright Tremaine LLP


Bonnie MacNaughton
James H. Wendell

# EXHIBIT H

| | |
|---|---|
| **From:** | Wendell, Jamie |
| **Sent:** | Wednesday, August 01, 2018 2:50 PM |
| **To:** | Eric Menhart; Eric R. Draluck (edraluck@gmail.com) |
| **Cc:** | MacNaughton, Bonnie; Chung, Jennifer |
| **Subject:** | Amazon and Otter v. Rivera et al. - Request for Meet and Confer Pursuant to LCR 37(a)(1) |
| **Attachments:** | Letter to Mr. Rivera Regarding Discovery Deficiencies.pdf |

Counsel:

The attached discovery letter requested that Defendant Rivera remedy a number of deficiencies with his discovery responses by July 31.  We have not received a response (let alone the requested discovery).  We plan on moving to compel the production of this material, and will seek our attorneys' fees for doing so.

Pursuant to LCR 37(a)(1), we request your availability tomorrow or Friday to meet and confer regarding these issues.

Regards,

Jamie

**Jamie Wendell** | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8350 | Fax: (206) 757-7350
Email: jamiewendell@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

# EXHIBIT I

| **From:** | Eric Menhart <eric.menhart@lexero.com> |
| **Sent:** | Friday, August 10, 2018 4:26 PM |
| **To:** | Wendell, Jamie |
| **Cc:** | MacNaughton, Bonnie; Chung, Jennifer |
| **Subject:** | RE: Amazon and Otter v. Rivera et al. - Request for Meet and Confer Pursuant to LCR 37(a)(1) |

Counsel:

Per my VM of a few moments ago, I had positive conversations with my client this week, and I anticipate more documents being produced next week. Please give me a call next week and I can explain what I anticipate providing. Thank you.

Yours truly,

Eric Menhart, Esq.
Lexero Law Firm
316 F St NE, Suite 101, Washington, DC 20002
Phone: 855-4-LEXERO (855-453-9376) Ext. 101
Fax: 855-4-LEXERO (855-453-9376)
http://www.Lexero.com

# EXHIBIT J

| | |
|---|---|
| **From:** | Wendell, Jamie |
| **Sent:** | Friday, August 10, 2018 5:03 PM |
| **To:** | eric.menhart@lexero.com; p17a433@lexero.com |
| **Cc:** | MacNaughton, Bonnie; Chung, Jennifer |
| **Subject:** | RE: Amazon and Otter v. Rivera et al. - Request for Meet and Confer Pursuant to LCR 37(a)(1) |

Hi Eric,

We appreciate the effort to secure Mr. Rivera's cooperation.  However, as we discussed, if we did not receive a substantial production of documents from Mr. Rivera by today, we would move forward with filing a motion to compel and seeking our fees for doing so.  We have set multiple "deadlines" for Mr. Rivera's production of documents to no avail, and we cannot continue to wait for the documents.  We are finalizing our motion as we speak and plan on filing early next week.

If Mr. Rivera provides supplemental responses and documents before the motion is on file, we will, of course, review the production to determine whether it addresses the issues in the motion.  We have no intention or desire to engage in needless motion practice, or unnecessarily bring issues before the court.  However, given Mr. Rivera's past conduct in this case, we have little choice but to move forward in this manner.

Please let me know if you want to discuss these issues further.

Regards,

Jamie

**Jamie Wendell** | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8350 | Fax: (206) 757-7350
Email: jamiewendell@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

# EXHIBIT K

| | |
|---|---|
| **From:** | Eric Menhart <eric.menhart@lexero.com> |
| **Sent:** | Wednesday, August 15, 2018 4:53 PM |
| **To:** | Wendell, Jamie |
| **Cc:** | MacNaughton, Bonnie; Chung, Jennifer |
| **Subject:** | RE: Amazon and Otter v. Rivera et al. - Request for Meet and Confer Pursuant to LCR 37(a)(1) |

Counsel:

As I mentioned last week, I've had productive conversations with Mr. Rivera and am producing additional documents via the link below:

# REDACTED

Please note that we are designating the wire transfer information, as confidential.

I anticipate issuing revised Interrogatory responses shortly and the client is undertaking to produce additional documents shortly. Thank you.

Yours truly,

Eric Menhart, Esq.
Lexero Law Firm
316 F St NE, Suite 101, Washington, DC 20002
Phone: 855-4-LEXERO (855-453-9376) Ext. 101
Fax: 855-4-LEXERO (855-453-9376)
http://www.Lexero.com